[No. 9525–1–I.   Division One.   April 19, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK F. CARTER, *Appellant.*

*Tom Conom,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Russell Jones, Deputy,* for respondent.

CALLOW, J.—Jack F. Carter appeals from a jury verdict finding him guilty of third degree assault,[1] a class C felony. On appeal, the defendant assigns error to the court's instructions, the exclusion of certain expert testimony, and the length of his sentence. We reverse and remand for a new trial.

Carter was charged with second degree murder in the beating death of his girlfriend and two counts of third degree assault for resisting arrest. Following a mistrial on the murder charge, Carter pleaded guilty to first degree manslaughter. The jury acquitted Carter on one count of third degree assault,[2] but convicted him on the other.

Carter and his girlfriend attended a party on December 24, 1979 at the home of Carter's relatives. They returned to their nearby trailer about 4:30 a.m. They apparently had been drinking to excess. A short time later, two deputy sheriffs were called to the mobile home court. They told

---

[1]RCW 9A.36.030 provides in part:

"(1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:

"(a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person shall assault another . . ."

[2]The elements of the crime of third degree assault include (1) an assault with (2) an intent to prevent or resist apprehension or detention. RCW 9A.36.030; WPIC 35.21.

Carter they wished to see if his girlfriend was all right. Carter was nude and appeared to have been asleep on the couch. The deputies discovered the woman had been injured and was having difficulty breathing. They called for an ambulance and an aide car, and placed Carter under arrest. Carter put up a struggle, striking one officer in the face with his left elbow and hitting the other in the chest with his left arm. He was convicted for the latter assault. His girlfriend died in the hospital several days later.

# I
## Voluntary Intoxication Instruction

First, the defendant contends that the court erred in instructing the jury on the burden of proving voluntary intoxication. The court instructed the jury:

> Voluntary intoxication must be proved by a preponderance of the evidence. A preponderance of the evidence means that the matter in question is more probably true than not true.

Carter argues that this instruction unconstitutionally placed the burden of persuasion on him, thus violating his right to due process. The court also instructed the jury in the language of WPIC 18.10.

> No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state.

This instruction is based on RCW 9A.16.090.[3]

The court's instructions on voluntary intoxication did not state which party had the burden of persuasion, but

---

[3] RCW 9A.16.090 provides:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such mental state."

because the standard of proof was only a preponderance, we must assume that the jury concluded that Carter had the burden. At issue, then, is whether it was proper to require him to prove his intoxication by a preponderance of the evidence.

■■ Voluntary intoxication is an "affirmative" defense only in the sense that the defendant has the burden of producing sufficient evidence of intoxication *to put the defense in issue,* unless the State's own evidence is sufficient. W. LaFave & A. Scott, *Criminal Law* §§ 8, 45 (1972). To warrant a jury instruction on intoxication, "there must be evidence of two things: one is the fact of drinking and the other is evidence of the effect of the drinking upon the defendant as it relates to his ability to form an intent . . ." *State v. Boyd,* 21 Wn. App. 465, 471, 586 P.2d 878 (1978), *rev'd on other grounds,* 93 Wn.2d 148, 607 P.2d 845 (1980). Requiring the defendant to bear the initial burden of coming forward with the evidence is appropriate since the claim of intoxication is a defense brought forward to negate the existence of the element of intent.

> Experience shows that most people who commit crimes are sane and conscious; they are not compelled to commit them; and they are not so intoxicated that they cannot entertain the states of mind which their crimes may require. Thus it makes good sense to say that if any of these unusual features are to be injected into the case, the defendant is the one to do it . . .

(Footnote omitted.) W. LaFave & A. Scott, *supra,* § 8, at 47.

If the defendant satisfies the initial burden of producing evidence of a defense, he does not necessarily bear the burden of persuading the jury by a preponderance of the evidence that the defense exists. Due process may require the State to prove the absence of the defense beyond a reasonable doubt. In determining what burden of persuasion, if any, the defendant may bear, "the nature of the defense is a critical consideration." W. LaFave & A. Scott, *supra,* § 8, at 48.

On the one hand, there are defenses which go directly to negative the existence of one of the essential elements of the crime. If it is true, as the court said in [*In re*] Winship, [397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970)] that the prosecution must prove those essential elements, then it would seem to follow that the prosecution must also have the burden of persuasion as to the nonexistence of a defense which by its terms asserts that one of those elements was not present. . . .[4]

Somewhat different, however, is another category of defense, that in which the defendant is not claiming the nonexistence of one of the essential elements of the crime itself, but rather is claiming some traditional form of excuse or justification. For example, if the defendant interposes a defense of self–defense to a charge of murder, he is not contending that the victim died other than as a result of his actions or that he lacked the mental state which will suffice for the crime of murder; rather, he is claiming the existence of circumstances which, in the eyes of the law, make the killing a justifiable one on policy grounds. That is a category in which the due process issue could certainly be argued either way . . .

W. LaFave & A. Scott, *supra,* § 8, at 48–49.

*In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975), thereafter held that Maine law violated due process by requiring a defendant to prove he had acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter. By such proof, the defendant could negate the presumption that he had acted with malice aforethought, an element of murder.

*State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977) followed the *Mullaney* decision holding that the burden of

---

[4]"For example, it is clearly a denial of due process to characterize alibi as a defense and then place the burden of persuasion on the defendant, for an alibi defense is nothing more than a denial that the defendant committed the crime." (Footnote omitted.) W. LaFave & A. Scott, *supra,* § 8, at 48.

proving the absence of excuse or justification, an element of the former second degree murder statute, RCW 9.48.040 (repealed 1975), required the State to prove the absence of self–defense beyond a reasonable doubt. The jury had been instructed erroneously that the defendant had the burden of raising a reasonable doubt.

The Washington Supreme Court Committee on Jury Instructions also recognized the constitutional due process problem that may arise in instructing the jury on the defendant's burden of persuasion.

> The legal question to be answered in each case in connection with jury instructions on defenses is whether . . . the reasoning of Mullaney v. Wilbur and State v. Roberts is to be applied to the particular statutory defense being considered. Is the absence of the defense one of the elements of the crime? Does the proof of the defense require proof that an element of the crime does not exist?

WPIC Pt. 4, Introduction, 11 Wash. Prac. 102–03 (1977). The committee did not recommend giving any instruction on the burden of proving the general defenses found in RCW 9A.16.[5]

The present case is analogous to *Mullaney* and *Roberts* because the jury instruction placed the burden of persuasion on the defendant to negate an element which the State was required by statute to prove beyond a reasonable doubt. *See State v. Atkinson,* 19 Wn. App. 107, 114, 575 P.2d 240 (1978). Requiring the defendant to prove voluntary intoxication by a preponderance of the evidence required him to prove the absence of intent, an element of the crime. The court property instructed the jury that it could consider the defendant's intoxication in determining his mental state. WPIC 18.10. It was error, however, to require the defendant to prove his voluntary intoxication by a preponderance of the evidence. He is entitled to a new trial.

---

[5]*See* WPIC 35.21, Comment at 193; WPIC Pt. 4, Introduction, 11 Wash. Prac. 100 (1977).

## II
### Burden of Proof Instruction

In conjunction with his first argument, Carter contends that the court should have given his proposed instruction No. 4.

> In a criminal case the burden of proof is always upon the State to prove each element of the crime charged by competent evidence beyond a reasonable doubt.
> This burden never shifts to a defendant; for the law never imposes upon a defendant the burden or duty of calling any witness or producing any evidence.

The defendant's lawyer felt the second paragraph of the instruction was necessary to clarify that the defendant never had the burden of proving the absence of intent, an element of the crime. He was concerned about the burden of proof instruction discussed above.

Deleting the burden of proof instruction from the jury charge on retrial will eliminate the confusion over the burden of proving voluntary intoxication and will eliminate the need to give the defendant's requested instruction. *See* WPIC 4.01.

## III
### Expert Testimony and Sentencing

Third, Carter assigns error to the court's refusal to permit a clinical psychologist to testify about his (Carter's) mental state on the night the crimes were committed. The offered expert testimony, however, related only to the defendant's intent to kill, not to his intent to resist arrest. Accordingly, the issue is not properly before this court.

Finally, Carter seeks review of the 5–year sentence imposed for conviction of third degree assault. In view of the granting of a new trial, the propriety of the sentence imposed need not be considered.

The judgment is reversed and the case remanded for a new trial.

James and Corbett, JJ., concur.