[No. 47766–3. En Banc. January 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. ALVA
WASTER MCCULLUM, *Petitioner.*

*John G. Ziegler* and *Barry L. Flegenheimer* of *Seattle–King County Public Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Senior Deputy,* for respondent.

WILLIAMS, J.—Petitioner Alva W. McCullum stabbed William Slater to death on March 23, 1978, in the presence of several witnesses in a Seattle cocktail lounge. Petitioner claimed he acted in self–defense. A jury convicted him of first degree murder, and he was sentenced to life imprisonment. The Court of Appeals, Division One, upheld McCullum's conviction and sentence. *State v. McCullum,* 28 Wn. App. 145, 622 P.2d 873 (1981). We find the trial court committed prejudicial error in its instructions to the jury and therefore reverse and remand for a new trial.

Petitioner and William Slater first became acquainted in 1974. Sometime in 1976, a conflict developed between the two men as a result of rumors allegedly started by Slater. Petitioner testified that he began to fear Slater because he knew Slater carried a gun and had been told Slater might shoot him. Petitioner saw Slater on one occasion in 1976 when Slater was armed with a pistol.

On the day of the killing in 1978, petitioner went to the Cottage Inn Restaurant in Seattle and sat with a group of people which included Slater. He testified that Slater began making insulting remarks about him. Petitioner left the table for a short period, but later rejoined Slater and the others. Slater allegedly made another insulting remark about petitioner and made a movement toward his jacket, where petitioner believed Slater kept a gun. Petitioner reacted by pulling out two knives he had in his possession.

He then stabbed Slater in the head, shoulder, and chest areas.

Petitioner was charged with murder in the first degree, in violation of RCW 9A.32.030(1)(a).[1] His defenses at trial were temporary mental irresponsibility and self–defense. After prolonged deliberations, the jury found petitioner guilty. The trial judge sentenced him to a maximum term of life imprisonment.

Petitioner challenges his conviction and sentence on three grounds. He contends the trial judge impermissibly coerced the jury into reaching a verdict and, in addition, erroneously refused to consider probation when sentencing him. The Court of Appeals resolved these issues adversely to petitioner. The third ground for reversal was first presented in the petition for review to this court. Petitioner asserts the trial court's jury instruction on self–defense violated due process by improperly shifting the burden of proof to him to disprove an element of the crime.[2] Since we find the jury instruction on self–defense violative of due process and reverse on that ground, we need not decide the propriety of the Court of Appeals resolution of the first two issues.

Although petitioner first raised the self–defense issue in his petition for review to this court, it is an established principle of law that constitutional claims may be heard for the first time on appeal. *State v. Regan*, 97

---

[1] RCW 9A.32.030(1)(a) provides:

"(1) A person is guilty of murder in the first degree when:

"(a) With a premeditated intent to cause the death of another person, he causes the death of such person or of a third person . . ."

[2] The trial court's instruction to the jury on the petitioner's claim of self–defense was as follows:

"When a defendant claims that he killed another in self–defense of his own person or property, the burden is upon that defendant to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt nor by a preponderance of the evidence. The defendant sustains his burden of proof if, from a consideration of all the evidence in the case, you have a reasonable doubt as to whether or not the injuries inflicted were done in self–defense." Clerk's Papers, at 67.

Wn.2d 47, 50, 640 P.2d 725 (1982); *State v. Theroff,* 95 Wn.2d 385, 391, 622 P.2d 1240 (1980); *In re Lee,* 95 Wn.2d 357, 363–64, 623 P.2d 687 (1980); *State v. Green,* 94 Wn.2d 216, 231, 616 P.2d 628 (1980). The clear import of recent United States Supreme Court cases is that instructional errors which tend to shift the burden of proof to a criminal defendant are of a constitutional magnitude because they may implicate a defendant's rights of due process. *See Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979); *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Petitioner's argument that the jury instructions given in this case relieved the State of its burden of disproving self–defense in a murder prosecution raises a constitutional claim which we must address.

## I
### AVAILABILITY OF SELF–DEFENSE INSTRUCTION

In order to properly raise the issue of self–defense, there need only be some evidence admitted in the case from whatever source which tends to prove a killing was done in self–defense. *State v. Adams,* 31 Wn. App. 393, 395, 641 P.2d 1207 (1982); *State v. Stallworth,* 19 Wn. App. 728, 733, 577 P.2d 617 (1978). Although it is essential that some evidence be admitted in the case as to self–defense, there is no need that there be the amount of evidence necessary to create a reasonable doubt in the minds of the jurors on that issue. *See State v. Roberts,* 88 Wn.2d 337, 345–46, 562 P.2d 1259 (1977); *State v. Adams, supra.* The trial court is justified in denying a request for a self–defense instruction only where no credible evidence appears in the record to support a defendant's claim of self–defense. *State v. Roberts, supra* at 346.

In determining whether sufficient evidence has been produced to justify a jury instruction on self–defense, the trial court must apply a subjective standard and view the evi-

dence from the defendant's point of view as conditions appeared to him or her at the time of the act. *State v. Wanrow*, 88 Wn.2d 221, 234–36, 559 P.2d 548 (1977). As we stated in *State v. Miller*, 141 Wash. 104, 105–06, 250 P. 645 (1926):

> The appellants need not have been in actual danger of great bodily harm, but they were entitled to act on appearances; and if they believed in good faith and on reasonable grounds that they were in actual danger of great bodily harm, although it afterwards might develop that they were mistaken as to the extent of the danger, if they acted as reasonably and ordinarily cautious and prudent men would have done under the circumstances as they appeared to them, they were justified in defending themselves.

(Citations omitted.)

In the case at bar, petitioner testified that he feared Slater, knew Slater had previously carried a gun, and believed Slater still carried a gun at the time of the alleged incident. Further, he testified that he had been told Slater might shoot him. When Slater made insulting remarks about him at the restaurant and allegedly made a movement toward his jacket where petitioner believed Slater kept a gun, petitioner testified he believed Slater would shoot him. Considering these circumstances, there was enough evidence produced at trial to properly raise the issue of self–defense, thus entitling petitioner to a jury instruction on that issue.

## II

### BURDEN OF PROOF

The due process clause of the fourteenth amendment to the United States Constitution requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *Sandstrom v. Montana, supra* at 520; *Patterson v. New York, supra* at 206–07; *In re Winship, supra* at 364. In order to determine which facts the prosecution must prove beyond a reasonable doubt, it is necessary to analyze each element of the particular crime.

*State v. Hanton,* 94 Wn.2d 129, 132, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980); *Holloway v. McElroy,* 632 F.2d 605, 635 (5th Cir. 1980), *cert. denied,* 451 U.S. 1028, 69 L. Ed. 2d 398, 101 S. Ct. 3019 (1981).

█ The State bears the burden of proving beyond a reasonable doubt the absence of a defense if the absence of such defense is an ingredient of the offense and there is some evidence of the defense. *Patterson,* at 214–15. There are two ways to determine if the absence of a defense is an ingredient of the offense: (1) the statute may reflect a legislative intent to treat absence of a defense as one "of the elements included in the definition of the offense of which the defendant is charged", *Patterson,* at 210; or (2) one or more elements of the defense may "negate" one or more elements of the offense which the prosecution must prove beyond a reasonable doubt, *Hanton,* at 132–33. *See generally* Note, *The Constitutionality of Affirmative Defenses After Patterson v. New York,* 78 Colum. L. Rev. 655, 666–70 (1978); Note, *Criminal Law—Affirmative Defenses in the Washington Criminal Code—The Impact of Mullaney v. Wilbur, 421 U.S. 684 (1975),* 51 Wash. L. Rev. 953 (1976).[3]

---

[3]Several jurisdictions have determined due process requires the prosecution to prove absence of self-defense if that defense negates an element of the charged crime. *See, e.g., Tennon v. Ricketts,* 642 F.2d 161 (5th Cir. 1981); *Holloway v. McElroy,* 632 F.2d 605 (5th Cir. 1980), *cert. denied,* 451 U.S. 1028, 69 L. Ed. 2d 398, 101 S. Ct. 3019 (1981); *Gagne v. Meachum,* 602 F.2d 471 (1st Cir.), *cert. denied,* 444 U.S. 992, 62 L. Ed. 2d 422, 100 S. Ct. 524 (1979); *Wynn v. Mahoney,* 600 F.2d 448 (4th Cir.), *cert. denied,* 444 U.S. 950, 62 L. Ed. 2d 320, 100 S. Ct. 423 (1979); *People v. Williams,* 80 Ill. App. 3d 963, 400 N.E.2d 532 (1980); *State v. Hodge,* 252 Iowa 449, 105 N.W.2d 613 (1960), *appeal dismissed, cert. denied,* 368 U.S. 402, 7 L. Ed. 2d 394, 82 S. Ct. 437 (1962); *State v. Millett,* 273 A.2d 504, 43 A.L.R.3d 211 (Me. 1971); *Commonwealth v. Rodriguez,* 370 Mass. 684, 352 N.E.2d 203 (1976); *Evans v. State,* 28 Md. App. 640, 349 A.2d 300 (1975); *State v. Gardner,* 51 N.J. 444, 242 A.2d 1 (1968); *State v. Hankerson,* 288 N.C. 632, 220 S.E.2d 575 (1975), *rev'd on other grounds,* 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977); *State v. Robinson,* 48 Ohio App. 2d 197, 356 N.E.2d 725 (1975), *aff'd,* 47 Ohio St. 2d 103, 351 N.E.2d 88 (1976); *Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724 (1978); *Infantolino v. State,* 414 A.2d 793 (R.I. 1980). *See generally* Annot., *Homicide: Modern Status of Rules as to Burden and Quantum of Proof*

# A
## STATUTORY ALLOCATION OF BURDEN OF PROOF
## AS TO SELF–DEFENSE

In *State v. Roberts, supra* at 344–46, we determined that the State had the burden of proving, beyond a reasonable doubt, the absence of self–defense in a murder prosecution. That case arose under the "old" criminal code, which provided that a killing was murder or manslaughter unless it was "excusable or justifiable". Laws of 1909, ch. 249, §§ 140, 141, 143, p. 930–31. One of the enumerated justifications for homicide was self–defense. Laws of 1909, ch. 249, § 154, p. 934. In 1975, the Legislature repealed the old criminal code and adopted a new criminal code which omitted the "excusable or justifiable" language from the definition of homicide. RCW 9A.32.030; RCW 9A.32.050; RCW 9A.32-.060; RCW 9A.32.070. The Legislature also placed the homicide justification of self–defense under the provisions of RCW 9A.16, entitled "Defenses". *See* RCW 9A.16.020(3) and RCW 9A.16.050(1) and (2).

Thereafter, in *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979), we were again presented with the issue of which party had the burden of proof as to self–defense in a murder prosecution. In that case, we found the trial court's jury instruction on self–defense sufficiently permitted the defendant to argue his theory of the case, *i.e.,* that the State had not sustained the burden of proving beyond a reasonable doubt that the homicide was not committed in self–defense. *King,* at 546. Therefore, we did not reach the question of whether the State had placed the burden of proving self–defense on the defendant by removing the words "unless it is excusable or justifiable" from the new criminal code's definition of homicide. In a footnote in *King,* however, we made the following observation with respect to self–defense in murder prosecutions:

> Because we do not reach this issue in the present opinion, we need not address the issues raised in *State v.*

*To Show Self–Defense,* 43 A.L.R.3d 221 (1972 & Supp. 1981).

*Bradley,* 20 Wn. App. 340, 581 P.2d 1053 (1978). We note, however, that the rule of *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), may not be applicable in this case. In *Patterson,* the court upheld a New York requirement that the defendant affirmatively prove by a preponderance of the evidence "extreme emotional disturbance" as a means to *mitigate* his culpability for unlawful homicide. The court stated, at page 206, that: "It is plain enough that if the intentional killing is shown, the State intends to deal with the defendant as a murderer unless he demonstrates the mitigating circumstances." It cannot be said, however, that under Washington's statutory scheme the State intends to deal with the defendant as a murderer unless he shows self-defense, because under Washington law a killing done in self-defense is a *lawful act. See* RCW 9A.16.050. *See also Porter v. Leeke,* 457 F. Supp. 253 (D.S.C. 1978). Therefore, we perceive serious questions regarding the appropriateness of applying the ruling in *Patterson* to the defense of self-defense as set forth in this state's criminal code.

*King,* at 546 n.3. The issue is now before us. We find nothing in the new statutory scheme to indicate the Legislature reallocated the burden of proof with respect to self-defense.

The Legislature, in drafting the new criminal code, clearly set forth the requirement that a defendant must bear the burden of proving certain defenses to certain crimes *by a preponderance of the evidence*: RCW 9A.12-.010 (insanity); RCW 9A.32.030(1)(c)-.050(1)(b) (felony murder); RCW 9A.40.030 (kidnapping); RCW 9A.44.030 (sexual offenses); RCW 9A.48.060 (reckless burning); RCW 9A.76.100 (compounding a crime). The Legislature has also provided that a defendant may rebut certain inferences by presenting evidence raising reasonable inferences to the contrary: RCW 9A.52.040 (presumption of intent to deprive or defraud—burglary); RCW 9A.56.140 (presumption of knowledge that credit cards are stolen). In stark contrast, the new criminal code is conspicuously silent on the quantum or burden of proof as to self-defense.

■ The above cited provisions indicate the Legislature was well aware of the question of burdens of proof. In con-

struing legislation, we presume the Legislature is familiar with past judicial interpretations of its enactments. *State v. Fenter,* 89 Wn.2d 57, 62, 569 P.2d 67 (1977). In the absence of an indication from the Legislature that it intended to overrule the common law, new legislation will be presumed to be in line with prior judicial decisions in a field of law. *Neil F. Lampson Equip. Rental & Sales, Inc. v. West Pasco Water Sys., Inc.,* 68 Wn.2d 172, 175–76, 412 P.2d 106 (1966). By choosing not to employ similar language setting out the burden of proof as to self–defense, the Legislature indicated the continuing validity of the existing law on self–defense burdens of proof. Under the rule of *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), the prosecution bears the burden of proving beyond a reasonable doubt the absence of self–defense. This construction of the new code is entirely consistent with the surrounding statutory scheme. RCW 9A.04.100 states every defendant is "presumed innocent unless proved guilty", and RCW 9A.04-.020(1)(b) states the provisions of the code should be interpreted "[t]o safeguard conduct that is without culpability from condemnation as criminal".

 It is presumed that the Legislature does not engage in unnecessary or meaningless acts. *State v. Wanrow,* 88 Wn.2d 221, 228, 559 P.2d 548 (1977). Consequently, to interpret the statutory language changes regarding homicide and self–defense so that the Legislature's acts are not rendered superfluous or insignificant, *see Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 288, 494 P.2d 216 (1972), we must conclude that such changes were intended to relieve the prosecution of the necessity of *pleading* the absence of self–defense. By removing the words "unless it is excusable or justifiable" from the definition of homicide and including self–defense under the provisions of RCW 9A.16, entitled "Defenses", the Legislature merely relieved the State of the time–consuming and unnecessary task of alleging and proving negative propositions which may not be involved in each case. Once the issue of self–defense is properly raised, however, the

absence of self–defense becomes another element of the offense which the State must prove beyond a reasonable doubt. *Roberts,* at 345–46. *See also People v. Williams,* 80 Ill. App. 3d 963, 968, 400 N.E.2d 532 (1980).

Since the Legislature has not clearly imposed the burden of proving self–defense on criminal defendants, we conclude the obligation to prove the absence of self–defense remains at all times with the prosecution. *Roberts,* at 345. Even assuming arguendo that the new criminal code places the burden of proof on petitioner to establish self–defense, that burden can be constitutional only if self–defense does not negate one or more of the essential ingredients of murder in the first degree. *See Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980).

## B
### DOES SELF–DEFENSE NEGATE ONE OR MORE ELEMENTS OF MURDER?

■ The due process clause of the Fourteenth Amendment requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). The United States Supreme Court's opinion in *Mullaney v. Wilbur, supra* at 698, makes it quite clear that its holding in *Winship* is not limited to a state's definition of the elements of a crime. Otherwise, "[i]t would only be necessary to redefine the elements that constitute different crimes" in order to avoid the requirements of *Winship.* Therefore, in order to determine which facts the prosecution must prove beyond a reasonable doubt, it is necessary to analyze each element of the particular crime charged. *Hanton,* at 132.

RCW 9A.32.030(1)(a) states, in pertinent part:

(1) A person is guilty of murder in the first degree when:
(a) With a premeditated intent to cause the death of

another person, he causes the death of such person or of a third person . . .

Since "intent" is expressly made an element of the crime of first degree murder, the prosecution must prove it beyond a reasonable doubt. *State v. Hanton, supra; State v. Roberts, supra.* The statute provides:

> (a) *Intent.* A person acts with intent or intentionally when he acts with the objective or purpose *to accomplish a result which constitutes a crime.*

(Italics ours.) RCW 9A.08.010(1)(a).

Self–defense is explicitly made a lawful act by at least two provisions of the criminal code. First, homicide is justifiable when committed either:

> (1) In the lawful defense of the slayer, or his or her husband, wife, parent, child, brother, or sister, or of any other person in his presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished; or
> (2) In the actual resistance of an attempt to commit a felony upon the slayer, in his presence, or upon or in a dwelling, or other place of abode, in which he is.

RCW 9A.16.050(1) and (2). Second, use of force is not unlawful when used "by a party about to be injured . . . in preventing or attempting to prevent an offense against his person". RCW 9A.16.020(3).

██ ██ A person acting in self–defense cannot be acting intentionally as that term is defined in RCW 9A.08-.010(1)(a). There can be no intent to kill within the first degree murder statute unless a defendant kills "unlawfully", *i.e.,* "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Since self–defense is explicitly made a "lawful" act under Washington law, *see* RCW 9A.16.020(3), RCW 9A.16.050(1) and (2), *State v. Hanton, supra* at 133, it negates the element of "unlawfulness" contained within Washington's statutory definition of criminal intent.

Unlike the situation in *Patterson v. New York,* 432 U.S. 197, 206, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), it is emphatically *not* "plain enough that if the intentional killing is shown, the State intends to deal with the defendant as a murderer unless he demonstrates the mitigating circumstances"—here, the absence of unlawfulness. Rather, it appears to us that unlawfulness—including the absence of self-defense—is an essential ingredient of the crime charged. Since proof of self-defense negates the element of intent in first degree murder, requiring an accused to prove self-defense places on him or her the burden of proving absence of an unlawful criminal intent. Such a result is proscribed by *Winship, Mullaney, Roberts,* and *Hanton.* Accordingly, we hold that in a first degree murder prosecution, the State must bear the burden of proving absence of self-defense beyond a reasonable doubt.

## III
### TRIAL COURT'S JURY INSTRUCTION

The trial court instructed the jury as follows with respect to the self-defense claim:

> When a defendant claims that he killed another in self-defense of his own person or property, *the burden is upon that defendant to prove that the homicide was done in self-defense.* It is not necessary for the defendant to prove this to you beyond a reasonable doubt nor by a preponderance of the evidence. *The defendant sustains his burden of proof, if, from a consideration of all the evidence in the case, you have a reasonable doubt as to whether or not the injuries inflicted were done in self-defense.*

(Italics ours.) Clerk's Papers, at 67. The language of the above instruction was taken from a jury instruction on self-defense first approved by this court in 1930. *State v. Turpin,* 158 Wash. 103, 110–11, 290 P. 824 (1930). Interestingly enough, several recent Washington cases have invalidated jury instructions worded in language virtually identical to the instruction challenged here. *See State v. Hanton,* 94 Wn.2d 129, 131, 614 P.2d 1280 (1980); *State v. Roberts,* 88

Wn.2d 337, 345, 562 P.2d 1259 (1977); *State v. Mayes,* 20 Wn. App. 184, 187, 579 P.2d 999 (1978); *State v. Stallworth,* 19 Wn. App. 728, 733, 577 P.2d 617 (1978); *State v. Modica,* 18 Wn. App. 467, 479, 569 P.2d 1161 (1977); *State v. Stepp,* 18 Wn. App. 304, 308, 569 P.2d 1169 (1977).

The italicized portions of the trial court's jury instruction erroneously indicated to the jurors that the petitioner had some burden of persuasion to carry which, if not met, would preclude their ability to acquit or find petitioner guilty of a lesser criminal act. As indicated above, there need only be some evidence of self–defense admitted in the case to raise the issue. An instruction requiring petitioner to create a reasonable doubt in the minds of the jurors places an unconstitutional burden of persuasion upon him. *State v. Kroll,* 87 Wn.2d 829, 839–40, 558 P.2d 173 (1976).

It remains to be determined whether the error in this case was prejudicial or harmless error. Since the error infringed upon a constitutional right of the petitioner, the error is presumed prejudicial, and the State has the burden of proving the error was harmless. *State v. Stephens,* 93 Wn.2d 186, 190–91, 607 P.2d 304 (1980). Constitutional errors cannot be deemed harmless unless they are "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967); *State v. Evans,* 96 Wn.2d 1, 5–10, 633 P.2d 83 (1981) (Brachtenbach, C.J., concurring); *State v. Stephens, supra.* "An error in instructions is harmless if it is '*trivial,* or *formal,* or *merely academic,* and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case.'" *State v. Savage,* 94 Wn.2d 569, 578, 618 P.2d 82 (1980); *State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977); *State v. Golladay,* 78 Wn.2d 121, 139, 470 P.2d 191 (1970).

The issue of misleading jury instructions was addressed by the United States Supreme Court in *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979). In *Sandstrom,* the Court found the trial court's misleading instruction to be of constitutional proportions,

but could not conclude that the error was harmless beyond a reasonable doubt.

> We do not reject the possibility that some jurors may have interpreted the challenged instruction as permissive, or, if mandatory, as requiring only that the defendant come forward with "some" evidence in rebuttal. *However, the fact that a reasonable juror could have given the presumption conclusive or persuasion–shifting effect means that we cannot discount the possibility that Sandstrom's jurors actually did proceed upon one or the other of these latter interpretations.*

(Italics ours.) *Sandstrom,* at 519. The case was therefore remanded to the Montana Supreme Court for its determination of whether the instructional error was prejudicial or harmless. The same reasoning applies to the case before us as to the misleading self–defense instruction. A reasonable juror could have mistakenly concluded that the petitioner had not met his "burden of proof" to establish a "reasonable doubt", and thus convicted him of first degree murder. Since the instruction in the present case could well have affected the final outcome of the case, the error cannot be deemed harmless beyond a reasonable doubt. *See State v. Caldwell,* 94 Wn.2d 614, 618–19, 618 P.2d 508 (1980). *Accord, State v. Sandstrom,* 603 P.2d 244, 245 (Mont. 1979) (on remand from *Sandstrom v. Montana, supra*). The error must, therefore, be deemed prejudicial. Petitioner's conviction must be reversed and the case remanded for a new trial with proper jury instructions.

IV

### FUTURE JURY INSTRUCTIONS ON THE BURDEN OF PROOF OF SELF–DEFENSE

Inasmuch as this case must be remanded for a new trial, we believe the following approach will aid the trial court in constructing a constitutionally permissible instruction on self–defense burdens of proof for this and future cases.

In *State v. Roberts, supra* at 346, we stated the following with respect to the advisability of instructing the jury on the burden of proof as to self–defense:

> If evidence is presented which is deemed sufficient by the court to raise an issue as to the question of possible justification, that element should be treated in the same manner as any other. *The jury should be instructed as to the pertinent aspects of the law of justification in homicide cases and then simply informed that the State has the burden to prove absence of self–defense beyond a reasonable doubt.*

(Italics ours.) In a series of cases following *Roberts,* we approached the burden of proof question somewhat differently. Instead of requiring a specific instruction affixing the burden of proof on the State, we indicated the trial court need not instruct on the burden of proof for self–defense as long as the defendant could fully argue his theory of the case. *See State v. Savage, supra* at 582; *State v. Hanton, supra* at 134; *State v. Burt,* 94 Wn.2d 108, 111, 614 P.2d 654 (1980); *State v. King,* 92 Wn.2d 541, 546, 599 P.2d 522 (1979).

The same issue regarding the failure to specifically instruct the jury on the burden of proof of self–defense was presented in *United States v. Corrigan,* 548 F.2d 879 (10th Cir. 1977). That court found that while the failure to include a specific statement of the burden of proof of self–defense was not reversible error *per se,* such a specific instruction was preferable in order to avoid any confusion by the jury on burdens of proof. *Corrigan,* at 882–83. While we continue to believe specific burden of proof instructions technically are not necessary, it may be preferable to do so for the sake of clarity. Simply setting forth the elements of the crime without explanation of how self–defense relates to those elements may, itself, cause a jury some confusion as to where the burden of proof lies. Without a clear instruction on the subject, the potential for misinterpretation is simply too great.

We think the best policy regarding such specific jury instructions is summarized in *Notaro v. United States,* 363 F.2d 169, 175 (9th Cir. 1966):

> The desire of a careful judge to avoid language which to him may seem unnecessarily repetitive should yield to

the paramount requirement that the jury in a criminal case be guided by instructions framed in language which is unmistakably clear.

Upon further reflection, we feel this is the better approach to handling burden of proof issues regarding self–defense, at least when a specific instruction is requested by the defendant. A specific instruction on the burden of proof as to self–defense should serve three desirable ends: (1) clarify burden of proof questions and reduce the chances for jury confusion; (2) make appellate review of such issues easier, especially as to sufficiency of the evidence challenges; and (3) reduce the likelihood that future convictions would have to be reversed for errors similar to the one presented here. Therefore, our opinions in *Savage, Hanton, Burt,* and *King* are hereby modified to reflect the view expressed in *State v. Roberts, supra* at 346, that when self–defense is properly raised the jury should be "informed that the State has the burden to prove absence of self–defense beyond a reasonable doubt."

As stated previously, there need only be some evidence, admitted in the case from whatever source to raise the issue of self–defense. Once the issue is properly raised, the jury should be instructed as to the definition and elements of self–defense. *See* WPIC 16.01–.04, WPIC 17.01–.02, 11 Wash. Prac. 107–18 (1977 & Supp. 1982). The jury then should be instructed that the State bears the burden of proving the absence of self–defense beyond a reasonable doubt. *State v. Roberts,* 88 Wn.2d 337, 346, 562 P.2d 1259 (1977). Finally, the jury should be informed that the State sustains its burden of proof as to the absence of self–defense if it proves, beyond a reasonable doubt, each of the elements of the crime as defined by the applicable statute.

We emphasize that the above guidelines for future jury instructions on self–defense in no way expand the quantum of proof required from the prosecution. As always, the State need only prove each of the elements of the crime as defined by statute. Since self–defense is inconsistent with the crime of murder in the first degree, proof of the ele-

ments of that crime beyond a reasonable doubt necessarily disproves the presence of a lawful killing in self–defense.

Since the self–defense instruction in this case unconstitutionally placed the burden of proving self–defense on the petitioner, we reverse his conviction and remand the case for a new trial.

ROSELLINI, STAFFORD, and UTTER, JJ., concur.

DOLLIVER, J., concurs in the result.

DIMMICK, J. (dissenting)—I would affirm the jury's verdict finding petitioner guilty of first degree murder. A new trial is not warranted since the instruction allegation is not one of constitutional magnitude, but one of statutory construction. Thus, the petitioner's contention is not timely, having been raised for the first time in this appeal. It is well settled that an instruction must be adequately objected to at trial in order to preserve the issue on appeal. *State v. Ermert*, 94 Wn.2d 839, 621 P.2d 121 (1980).

The majority's statement of facts relating to the issue of self–defense is somewhat incomplete. There was no evidence that decedent had ever verbally threatened petitioner or made any threatening gestures toward petitioner. On the day of the attack decedent was not armed with any type of weapon. During the attack witnesses heard petitioner state that the victim had taken his wife and job, yet none heard the alleged insulting remarks by the deceased. Petitioner stabbed his victim 12 times—8 in the head and 4 in the shoulder and chest area. He did not cease his attack until a bystander pulled a gun and fired a shot in the air. All facts considered, those supporting the claim of self–defense are nearly nonexistent. I accordingly question whether the instruction on self–defense was required and, therefore, whether it being given constituted prejudicial error. My major concern with the majority opinion, however, is the burden of proof it imposes upon the State.

The United States Supreme Court holdings regarding shifting of burdens of proof are somewhat obscure. It is

clear, however, that it is not a constitutional imperative that a state

> must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. . . . Proof of the nonexistence of all affirmative defenses has never been constitutionally required . . .

*Patterson v. New York,* 432 U.S. 197, 210, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). The state legislatures may define crimes so as to place the burden of proving a defense upon defendant. As noted in *Patterson,* "'The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant." 432 U.S. at 203 n.9, quoting *Morrison v. California,* 291 U.S. 82, 88–89, 78 L. Ed. 664, 54 S. Ct. 281 (1934).

Absence of self–defense is not a statutory element of first degree murder. Further, self–defense does not negate any element of first degree murder. Accordingly, pursuant to *Patterson* our state Legislature effectively cast upon the defendant the burden of proving the justification for his killing another. The prosecution does not bear the burden of disproving its existence beyond a reasonable doubt.

The 1909 criminal code expressly provided that a killing was murder or manslaughter "unless it is excusable or justifiable". Laws of 1909, ch. 249, §§ 140, 141, 143. This court construed such language to mean that the absence of self–defense, a justification, was a statutory element of the crime which the prosecution had to prove beyond a reasonable doubt. *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). The Legislature, however, adopted a new criminal code omitting all language of excuse or justification from its definition of homicide. Laws of 1975, 1st Ex. Sess., ch. 260, §§ 9A.32.030, .050, .060, .070. In addition, the Legislature set forth the circumstances under which homicides are

excusable or justifiable in a chapter specifically entitled "Defenses". RCW 9A.16.

The majority concludes that these changes merely reflect the Legislature's relieving the prosecution of the necessity of pleading the absence of self–defense. The prosecution never had to plead the absence of self–defense specifically under the old criminal code. Rather in charging a defendant the prosecution would merely track the language of the statute. The Legislature and a task force of the Washington State Bar Association extensively considered the provisions of the new criminal code. *See* Washington State Crim. Just. Training Comm'n, *Revised Criminal Code Training and Seminar Manual,* Introduction 1–5 (compiled and edited by G. Golob & G. Mooney 1976). It is a well settled presumption that the Legislature does not do a meaningless act. *State v. Wanrow,* 88 Wn.2d 221, 228, 559 P.2d 548 (1977). I conclude, therefore, that the elimination of all justification language from the homicide statutes can logically only be understood to mean that the Legislature intended the absence of justification to no longer be an element of murder.

The State Court of Appeals has likewise held this to be the proper interpretation of the homicide statutes. *See State v. Williams,* 27 Wn. App. 848, 621 P.2d 176 (1980) (Dore, J.); *State v. King,* 22 Wn. App. 330, 589 P.2d 306, *aff'd on other grounds,* 92 Wn.2d 541, 599 P.2d 522 (1979); *State v. Bradley,* 20 Wn. App. 340, 581 P.2d 1053, *review denied,* 91 Wn.2d 1002 (1978).

The Legislature's removal of the absence of self–defense as an element of first degree murder is well within the ambit of reason and fairness, since the facts surrounding a claim of self–defense, or lack of it, are usually peculiarly within the exclusive knowledge of the defendant.

The majority additionally concludes that self–defense negates the element of intent necessary to a conviction of first degree murder and thus the prosecution must bear the burden of proving the absence of self–defense beyond a reasonable doubt. I believe the statutes, read together,

allow a contrary view.

The general criminal intent statute applicable to all crimes provides:

A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime.

RCW 9A.08.010(1)(a).

The majority has taken this general criminal intent statute and has applied it to the new definition of murder by a strained literal interpretation. I would, on the other hand, use a commonsense approach in interpreting the intent statute along with the definition and common understanding of first degree murder. Accordingly, the prosecution need only prove that the defendant intended to kill his victim, not that the defendant intended to commit the crime of first degree murder.

The fact that the homicide may have been committed in self-defense, and thus justifiable, is irrelevant to whether petitioner intended to kill. Self-defense is an intentional act of killing which is, nevertheless, justified by exigent circumstances enumerated by the statute. *State v. Clarke,* 61 Wn.2d 138, 377 P.2d 449 (1962); *State v. Stone,* 24 Wn. App. 270, 600 P.2d 677 (1979); *State v. Kerr,* 14 Wn. App. 584, 544 P.2d 38 (1975). As stated in *State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980) (Rosellini, J., dissenting), the concept of self-defense "does not deny intent." *Savage,* at 593.

The affirmative defense of self-defense may be analogized to the defense of entrapment, RCW 9A.16.070. With regard to both defenses, defendant in essence admits having committed the act but seeks to avoid the legal consequences of that conduct. The Court of Appeals of this state continues to reject a rule placing the burden upon the State to disprove entrapment. *State v. Ziegler,* 19 Wn. App. 119, 575 P.2d 723 (1978); *State v. Brooks,* 30 Wn. App. 280, 633 P.2d 1345, *review denied,* 96 Wn.2d 1021 (1981).

In my view, the Legislature effectively allocated to the defendant the burden of proving self-defense. I would not,

however, require a defendant to prove self–defense beyond a reasonable doubt. The defendant should assume the burden of producing evidence of such nature and quality as to raise the issue of self–defense and justify a reasonable doubt of guilt if upon the whole evidence the fact finder entertains such doubt.[4]

I see nothing unfair in such a procedure. As the United States Supreme Court stated in *Patterson,* at pages 201–02:

> Among other things, it is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."

(Citations omitted.)

The above rule is the correct one and this court should adopt it. It has the virtue of relative simplicity and should eliminate any apparent confusion that may arise from attempting to harmonize a burden of proof imposed upon the defendant with the continuing obligation of the State to prove all elements of the crime beyond a reasonable doubt. The claim of justification by self–defense will enter the case as an issue only if and when substantial evidence bearing on the issue is introduced, from whatever source. Defendant merely has the burden of producing evidence that will generate the issue of self–defense and will, when considered with all the evidence, justify a reasonable doubt in the

---

[4]The courts adopting this rule have stated it in various ways. *See, e.g., Frank v. United States,* 42 F.2d 623, 627 (9th Cir. 1930); *Graham v. State,* 339 So. 2d 110 (Ala. Crim. App. 1976); *Payne v. State,* 52 Ala. App. 453, 293 So. 2d 877 (1974); *Collier v. State,* 49 Ala. App. 685, 275 So. 2d 364 (1973); *State v. Garcia,* 114 Ariz. 317, 560 P.2d 1224 (1977); *Bolin v. State,* 297 So. 2d 317 (Fla. Dist. Ct. App. 1974); *People v. Myers,* 18 Ill. App. 3d 700, 310 N.E.2d 407 (1974); *People v. Lenzi,* 41 Ill. App. 3d 825, 355 N.E.2d 153 (1976); *State v. Millett,* 273 A.2d 504, 43 A.L.R.3d 211 (Me. 1971); *State v. Sunday,* 609 P.2d 1188 (Mont. 1980); *State v. Melchior,* 56 Ohio St. 2d 15, 381 N.E.2d 195 (1978); *State v. Jarvi,* 3 Or. App. 391, 474 P.2d 363 (1970); *McGhee v. Commonwealth,* 219 Va. 560, 248 S.E.2d 808 (1978).

minds of the jury as to whether his act was justifiable.

There are divergent opinions among the courts as to whether an instruction placing the burden on defendant is necessary. The more persuasive approach is that there is no occasion for instructions to the jury with respect to the burden of proof because defendant's burden under these circumstances is purely procedural. As the court stated in *State v. Millett,* 273 A.2d 504, 508, 43 A.L.R.3d 211 (Me. 1971):

> When such evidence [of self–defense] is forthcoming the trial court must first, viewing that evidence in the light most favorable to the defendant, determine whether or not it is adequate to raise the self–defense issue, and, if believed, would under the legal tests applied to a claim of self–defense permit a reasonable doubt as to guilt, stemming from that claim, to arise. Having concluded as a matter of law that the self–defense issue is thus properly tendered, the trial court need only instruct the jury as to the elements of self–defense. He will have no occasion to speak of burden of proof other than to explain the State's burden of proving guilt beyond a reasonable doubt.

If sufficient evidence is presented to raise an issue of self–defense, the court need only instruct on it without allocating the burden of proof. Such instructions permit a defendant to fully argue his theory of the case. This holding would be consistent with the result reached by this court in *State v. Burt,* 94 Wn.2d 108, 614 P.2d 654 (1980) and *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280 (1980), although based upon different reasoning. Accordingly, it would not be necessary to modify these recent cases which trial courts have relied on as the majority has done. Majority opinion, at 500. It would also be consistent with the approach taken in instructing the jury on the analogous defense of entrapment.[5]

---

[5]The court in *State v. Ziegler,* 19 Wn. App. 119, 575 P.2d 723 (1978) stated in relation to entrapment that the burden was on defendant to produce evidence sufficient to create a reasonable doubt. The appellate court then approved the trial court's following the suggestion of the Washington Supreme Court Committee on Jury Instructions, 11 Wash. Prac. 99, pt. 4, Introduction (1977) that no

For all the reasons stated above, I dissent.

BRACHTENBACH, C.J., and DORE, J., concur with DIMMICK, J.

Reconsideration denied March 14, 1983.

instructions be given as to who bears the burden of proof. This reasoning was affirmed in *State v. Brooks,* 30 Wn. App. 280, 633 P.2d 1345, *review denied,* 96 Wn.2d 1021 (1981).