[No. 12920–1–I.   Division One.   December 10, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM TERRY FULLER, *Appellant.*

*Elizabeth K. Selleck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

DURHAM, C.J.—William Terry Fuller appeals from his conviction of four counts of second degree assault while armed with a deadly weapon/firearm. Fuller argues that the trial court failed to allocate to the State the burden of proving the absence of intoxication. We affirm.

Fuller was charged by amended information with four counts of assault in the second degree while armed with a deadly weapon/firearm. He was found guilty by a jury, and received 10–year sentences on each count to be served concurrently.

Fuller's primary defense at trial was that he was intoxicated during the incidents that led to his conviction. Fuller introduced evidence on this issue, including the testimony of a psychiatrist who stated that Fuller's intoxication prevented him from forming the mental state requisite for the crime of assault. However, an expert witness for the State reached the opposite conclusion.

The trial court instructed the jury that it is the State's burden to establish the elements of second degree assault beyond a reasonable doubt.[1] The jury was also instructed that it could consider Fuller's alleged intoxication as it affected the requisite mental state.[2] Although the jury was

---

[1] Instruction 7 states:

"To convict the defendant William Terry Fuller of the Crime of Assault in the Second Degree, as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about July 2, 1982, the defendant knowingly assaulted Richard Fuller with a weapon or other instrument or thing likely to produce bodily harm; and

"(2) That the acts occurred in King County, Washington.

"If you find from the evidence that elements (1) and (2) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to Count I.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty as to Count I."

[2] Instruction 21 states:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or

not instructed that the defendant had the burden of proving intoxication by a preponderance of the evidence, neither was it instructed that the State has the burden of proving the nonexistence of the intoxication defense. No exceptions to the instructions as given were raised by either the State or the defense.

The due process clause requires that the State prove every fact necessary to establish a charged crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). A corollary of this rule is that if proof of an "affirmative" defense negates an essential element of the crime charged, the State bears the burden of proving beyond a reasonable doubt the absence of that defense if the defendant comes forward with some evidence to support it. *State v. McCullum,* 98 Wn.2d 484, 490, 656 P.2d 1064 (1983).

Fuller argues that because the defense of voluntary intoxication negates the element of knowledge required to sustain a conviction for second degree assault, the State bears the burden of proving the absence of that defense beyond a reasonable doubt. To some extent, Fuller's argument is supported by *State v. Carter,* 31 Wn. App. 572, 643 P.2d 916 (1982), in which this court held that, because the intoxication defense negates the element of intent required for third degree assault, it was a violation of due process to instruct the jury that the defendant must prove the defense by a preponderance of the evidence.

Fuller goes further, however, and argues that the trial court failed to allocate the burden of proving beyond a reasonable doubt the absence of the defense of intoxication. In essence, this amounts to an assertion that the trial court was required to give an instruction expressly stating that the State bore the burden of disproving the intoxication

---

degree of crime, the fact of intoxication may be taken into consideration in determining such mental state."

This instruction is identical to RCW 9A.16.090, which sets forth the intoxication defense.

defense.

Although Fuller offers no authority in support of this argument, the Supreme Court in *State v. McCullum, supra,* held that, once a jury issue as to self–defense is raised in a first degree murder prosecution, the jury should be instructed that the State bears the burden of disproving self–defense beyond a reasonable doubt. However, the court did not indicate that such an instruction is constitutionally required, but adopted the instructional requirement as a matter of policy, stating that

> we feel this [requiring a specific instruction] is the better approach to handling burden of proof issues regarding self–defense, *at least when a specific instruction is requested by the defendant.*

(Italics ours.) *McCullum,* 98 Wn.2d at 500.

In *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984), the court attempted to clarify its decision in *McCullum.* While the *Acosta* court held that the failure to give a specific instruction explaining the burden of proof on self–defense is not reversible error per se, it also held that

> *[t]he question is whether the instructions, taken as a whole, adequately informed the jury that prosecution's burden of proof beyond a reasonable doubt applied to defendant's [self–defense claim].*

*Acosta,* 101 Wn.2d at 621 (quoting *United States v. Corrigan,* 548 F.2d 879, 882 (10th Cir. 1977)). This language seems to imply that if the instructions as a whole fail to apprise the jury that the State has the burden of disproving self–defense (or, as here, voluntary intoxication) beyond a reasonable doubt, reversal is necessary *even though no specific instruction to that effect is requested.*[3] In other words, *Acosta* can be read as holding that error of this type cannot be waived.

Such an interpretation is unpersuasive, however, for two reasons. First, if the failure to give an instruction requiring

---

[3]However, the defendant in *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984) did request a specific instruction allocating to the State the burden of disproving self–defense.

the State to disprove the intoxication defense in fact rises to the level of constitutional error, then an appellate court would simply apply the existing constitutional harmless error standard; there would have been no reason for the court to set forth a separate test in *Acosta*. Second, the court in *United States v. Corrigan*, 548 F.2d 879 (10th Cir. 1977), from which the *Acosta* test was derived, itself held that a specific burden of proof instruction is unnecessary unless requested by the defendant. *Corrigan*, 548 F.2d at 881.[4] *Accord, United States v. Jackson*, 569 F.2d 1003, 1008 n.12 (7th Cir.), *cert. denied*, 437 U.S. 907 (1978).

Here, unlike the situation in *Carter* and *McCullum*, the instructions did not erroneously allocate the burden of proving the intoxication defense to the defendant. The instructions clearly indicated that the State bore the burden of proving each element of the offense of second degree assault, including knowledge. Moreover, the jury was given an instruction stating that intoxication could be considered in determining if the defendant acted with the requisite mental state. Although an instruction specifically setting forth the State's burden of proof regarding intoxication would have been desirable, no such instruction was requested. Accordingly, the trial court had no affirmative duty to give one.

The judgment and sentence is affirmed.

WILLIAMS and SCHOLFIELD, JJ., concur.

Review denied by Supreme Court March 1, 1985.

Reconsideration granted March 8, 1985.

---

[4]The court stated that the appellant "made use of his attorney's efforts, however, by submitting his proposed jury instructions [on the issue of self–defense] and objecting to those given by the court. This preserved for appeal appellant's contention that the trial court's instructions on the issue of self–defense were inadequate because they did not mention the burden of proof." *United States v. Corrigan*, 548 F.2d 879, 881 (10th Cir. 1977).