[No. 12920-1-I. Division One. October 28, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM TERRY FULLER, *Appellant.*

---

54

*Elizabeth K. Selleck,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Celeste Stokes, Deputy,* for respondent.

WILLIAMS, J.—William Fuller was charged by amended information with four counts of assault in the second degree, committed while armed with a deadly weapon and a firearm. After a trial to the court, sitting with a jury, he was found guilty. His conviction was affirmed by this court in *State v. Fuller,* 39 Wn. App. 104, 692 P.2d 203 (1984), review denied, 103 Wn.2d 1023, reconsideration granted, 39 Wn. App. 104, 108 (1985).

Witnesses described Fuller as "obviously inebriated," "had been drinking probably a fair amount" and "he smelled of alcohol and he was babbling." Dr. John Petrich, a psychiatrist, responded to a hypothetical question, outlining the facts of the case, that Fuller did not have the mental capacity to knowingly assault the victims. Dr. Petrich thought that Fuller was suffering from two conditions at the time, severe depression with suicidal ideation and intoxication.

Fuller, relying on *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983) and *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984), argues that the trial court was required to give an instruction expressly stating that the State bears the burden of disproving intoxication. Both of those cases concern the independent statutory defense of self–defense. RCW 9A.16.020. They do not hold that the production of defense evidence disputing the State's evidence on an element of the offense requires that the jury be specifically instructed on the State's burden of proof for that element.

█ An instruction on burden of proof similar to the one given on self–defense need not be given because the toxic effect of a drug upon a person's capability of acting knowingly is not a legally recognized defense. A criminal act committed by a voluntarily intoxicated person is not justified or excused. RCW 9A.16.090. Intoxication may raise a reasonable doubt as to the mental state element of the offense, thus leading to acquittal or conviction of a lesser included offense, but evidence of intoxication does not add another element to the offense. Thus, the jury was correctly instructed in the language of RCW 9A.16.090 as follows:

> Intoxication. No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such mental state.

That Fuller knowingly committed the act is just one of several facts the State had to prove and, but for the statute, RCW 9A.16.090, the particular evidence of intoxication need not be singled out for special treatment. *See State v. Rice*, 102 Wn.2d 120, 683 P.2d 199 (1984).

In summary, intoxication is not a "defense" to a crime of any kind. Evidence of it may bear upon whether the defendant acted with the requisite mental state, but resolution of that issue should not be dealt with in the instructions any different from the other elements of the offense.[1] The "to convict" instruction adequately informed the jury that the State bears the burden of proving beyond a reasonable doubt that the defendant acted "knowingly."

That portion of our earlier opinion in *State v. Fuller, supra,* which suggests the giving of a special instruction setting forth the State's burden of proof regarding intoxication is reversed.

---

[1]The "intoxication defense" is conceptually similar to the "alibi defense," for which the Supreme Court has recommended that no specific instruction regarding burden of proof be given. *See State v. Adams*, 81 Wn.2d 468, 503 P.2d 111 (1972).

56

The judgment is affirmed.

SCHOLFIELD, A.C.J., and WEBSTER, J., concur.

Reconsideration denied December 17, 1985.

Review denied by Supreme Court February 7, 1986.