[No. 14321-2-I.   Division One.   January 13, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. LAWRENCE
DARNELL SAM, *Appellant.*

WILLIAMS, J., concurs by separate opinion.

*Anna Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Celeste Stokes, Deputy,* for respondent.

SCHOLFIELD, A.C.J.—Lawrence Darnell Sam appeals his convictions on two counts of first degree robbery. Sam contends that the trial court's instructions on the issue of intoxication denied him due process of law. We affirm.

## FACTS

The State presented testimony that Sam robbed a retail video equipment store at approximately 2:30 p.m. on September 24, 1983. At approximately 3:15 p.m. on the same day, Sam hitched a ride with the victim of the second robbery. There was evidence he used a gun in both robberies. Sam introduced evidence of a long-time addiction to alcohol and drugs. Sam testified that on the night before the

robberies, he had smoked PCP, ingested "speed balls", which are a combination of heroin and cocaine, and had also consumed both Scotch and cognac. Based on an evaluation of Sam done a week before trial, Dr. Gerald McCarty testified that, in his opinion, Sam did not have the mental capacity to form the intent to rob anyone on September 24, 1983, because of his consumption of intoxicants. Sam testified to having no memory of anything that occurred during the period of time the two robberies were committed.

The trial judge instructed the jury in instructions 8 and 9 (the "to convict" instructions on each count) that the State had the burden of proving beyond a reasonable doubt:

(2) That the defendant intended to commit theft of the property;

Pertaining to the issue of intoxication, the trial court instructed the jury in instruction 6 as follows:

In any prosecution for a crime, the State has the burden of proving beyond a reasonable doubt that the defendant possessed the particular mental state necessary to constitute the crime.

No act committed by a person while in a state of voluntary intoxication by alcohol or by drugs, is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state.

### STATE'S BURDEN ON INTOXICATION ISSUE

Sam contends that because intoxication negates the required intent element of robbery, where there is evidence of intoxication, the State has the burden of proving the absence of intoxication beyond a reasonable doubt. Sam assigns error to the failure of the trial court to instruct the jury that the State must prove lack of intoxication beyond a reasonable doubt.

Sam bases his argument primarily on the reasoning in *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983) and *State v. Acosta*, 101 Wn.2d 612, 683 P.2d 1069 (1984).

*McCullum* and *Acosta* both place the burden of proving the absence of self–defense on the State in appropriate cases and require the trial court to instruct the jury "in some unambiguous way that the State must prove absence of self–defense beyond a reasonable doubt." *Acosta,* at 621.

A claim of diminished capacity presents no issue in addition to or beyond the issue of the required mental state set forth in the "to convict" instruction. The only issue raised by a claim of diminished capacity is whether the defendant had the capacity to form the requisite intent. Ingestion of alcohol or drugs can impair capacity. The extent of impairment is a factual issue.

*Acosta* addresses judicial concern that juries can be confused as to how evidence of self–defense is to be treated when it is an issue unmentioned in the "to convict" instruction and the jury is given no guidance as to the burden of proof of self–defense or the absence of self–defense.

There is no reason for jury confusion as to how to treat claims of diminished capacity based on the evidence of intoxication in a case of this kind. The instructions are clear and unambiguous that the State has the burden of proving the element of intent beyond a reasonable doubt. Instruction 6 and the "to convict" instruction make that clear. Instruction 6 tells the jury in the language of RCW 9A.16.090 that it can take the intoxication evidence into consideration in determining the required mental state.

Sam's quarrel with the instructions is purely semantical. There is no necessity to tell the jury the State has the burden of proving the absence of diminished capacity when they have been told that the State has the burden of proving Sam possessed the required mental state. The presence of the required mental state and the lack of capacity to reach the required mental state are mutually exclusive. Proof of one negates the other.

The instructions fully and unambiguously advised the jury on the subject of a defense of diminished capacity. *State v. Rice,* 102 Wn.2d 120, 683 P.2d 199 (1984). There was no error.

Judgment affirmed.

WEBSTER, J., concurs.

WILLIAMS, J. (concurring)—I concur for the reason stated in *State v. Fuller,* 42 Wn. App. 53, 708 P.2d 413 (1985).