[No. 8356-6-II. Division Two. May 7, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. HARVEY J. JAMES, JR., *Appellant.*

---

*Lane J. Wolfley,* for appellant (appointed counsel for appeal).

*David H. Bruneau, Prosecuting Attorney,* and *James R. Hickman, Deputy,* for respondent.

PETRICH, J.—The defendant, Harvey James, Jr., appeals his convictions by jury verdicts of unlawful possession of a firearm, multiple counts of assault in the first degree while armed with a deadly weapon, and kidnapping in the first degree while armed with a deadly weapon. The dispositive issue on appeal is whether trial courts are required to give a separate jury instruction expressly stating that the State must disprove beyond a reasonable doubt diminished capacity because of voluntary intoxication once the defense is raised. We conclude that the "to convict" instruction sufficiently allocates the burden of proof to the prosecuting attorney and that a separate instruction is not required in diminished capacity cases. Accordingly, we affirm.

On September 18, 1984, James was charged by information with two counts of assault in the first degree, RCW 9A.36.010(1)(a), while armed with a deadly weapon, RCW 9.94A.125; three counts of kidnapping in the first degree, RCW 9A.40.020(1)(b), while armed with a deadly weapon, RCW 9.94A.125; and one count of unlawful possession of a firearm, RCW 9.41.040. The charges resulted from an aborted attempt by the defendant to cause two Clallam County sheriff's deputies to walk into an ambush. The case was tried before a jury. The defense was one of diminished capacity based upon James' alcohol/drug abuse and depres-

sion. James did not testify. James' appellate counsel, Lane Wolfley, and a forensic psychiatrist, Dr. Charles Tappin, testified for the defense.

Wolfley testified that approximately 1½ hours before the incident, James had come to his office wanting to borrow some money and to discharge him from further representation. During this conversation, James told Wolfley he had consumed a six–pack of beer. Wolfley testified that James was depressed and although it was apparent that James had been drinking, there was not a "terrible effect of drinking apparent." Wolfley further stated that James "looked very much the same today (the date of trial) as he did then."

Dr. Tappin testified about his impressions regarding the defendant's intent at the time of the offenses. His impressions were formed after a 1½–hour interview at the jail several days after the defendant's arrest. The doctor testified that the defendant told him that he had ingested 40 to 50 Valium tablets and alcohol on the day of the incident. Dr. Tappin expressed some reservations as to James' truthfulness regarding the amount of Valium ingested. Nevertheless, it was the doctor's opinion that James did not have the capacity to form a specific intent to commit the crimes because of depression and drug/alcohol abuse.

The trial court instructed the jury in the "to convict" instructions and in a general instruction that the State had the burden of proving each element of the crimes charged beyond a reasonable doubt. Further, the court instructed the jury on intoxication pursuant to RCW 9A.16.090. However, the court declined expressly to instruct that the State had the burden of disproving the defense of diminished capacity caused by voluntary intoxication.

After deliberating, the jury returned verdicts of guilty to all six counts and found that the defendant had been armed with a firearm at the time of the offenses. The defendant was sentenced to prison for 28 years 9 months. This appeal followed.

The defendant points out that diminished capacity

caused by voluntary intoxication may negate the specific intent elements of assault and kidnapping. He then contends that in cases where intent is one of the elements of the offense and evidence of intoxication is present, the trial court must instruct that the State bears the burden of disproving diminished capacity by virtue of intoxication beyond a reasonable doubt.

Defendant's argument is based on *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983) and *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984), wherein the Supreme Court held that the absence of self–defense is an element to be proven by the State beyond a reasonable doubt in assault and homicide cases.

*McCullum* and *Acosta* are inapposite to diminished capacity cases. *McCullum* and *Acosta* dealt with the independent statutory defense of self–defense. RCW 9A.16.020. The defense of self–defense adds another element to the State's case because to be convicted of assault or homicide, one must have acted unlawfully. RCW 9A.32.030–.170; RCW 9A.36.010–.040. Self–defense is a lawful act and absolves the actor of culpability. RCW 9A.16.020. Consequently, because the absence of self–defense is an element of the State's case and is not covered by the "to convict" instruction, the Supreme Court held that a specific burden of proof instruction should be given in self–defense cases to avoid juror confusion about who had the burden of proof on the self–defense issue. *State v. McCullum, supra; State v. Acosta, supra.*

■ Unlike self–defense, intoxication causing diminished capacity is not a "true" defense to a criminal act. A criminal act committed by a voluntarily intoxicated person is not justified or excused. RCW 9A.16.090. The fact of intoxication may raise a reasonable doubt as to the mental state element of the State's case, thus leading to an acquittal or conviction for a lesser included offense. But, unlike self–defense, intoxication or diminished capacity does not add an additional element to the charged offense. *See State v.*

*Fuller,* 42 Wn. App. 53, 55, 708 P.2d 413 (1985).

Consequently, a claim of diminished capacity or intoxication does not present an issue in addition to or beyond the issue of the required mental state set forth in the "to convict" instructions. *See State v. Sam,* 42 Wn. App. 586, 588, 711 P.2d 1114 (1986). The only issue raised by diminished capacity or intoxication is whether the defendant was capable of forming the requisite intent. *State v. Sam, supra.* This is a factual issue to be determined by the jury when deciding whether the State has proved the requisite mental state of the defendant beyond a reasonable doubt.

The judicial concern about juror confusion in self–defense cases is not present in a case of this kind. The instructions are clear and unambiguous that the State has the burden of proving each element of the crime beyond a reasonable doubt. The "to convict" instruction informed the jury that the State had the burden of proving James' intent beyond a reasonable doubt. Another instruction informed the jury in the language of RCW 9A.16.090 that it could take the intoxication evidence into consideration when deciding if the State proved that James acted with intent. *See State v. Rice,* 102 Wn.2d 120, 123, 683 P.2d 199 (1984) (a defendant is entitled to a voluntary intoxication instruction if there is sufficient evidence for the jury to find intoxication as a fact). Additionally, the jury was instructed on diminished capacity caused by mental disease or defect. *See State v. Griffin,* 100 Wn.2d 417, 670 P.2d 265 (1983) (a specific instruction on diminished capacity is required when there is substantial evidence to support diminished mental capacity and the evidence logically and reasonably connects the mental condition to the inability to form the requisite intent).

We conclude that there is no necessity to instruct the jury that the State has the burden of proving the absence of diminished capacity or intoxication when it had already been instructed that the State must prove the requisite mental state beyond a reasonable doubt. There is no error.

Judgment affirmed.

ALEXANDER, A.C.J., and WORSWICK, J., concur.