Timothy T. WALKER, Petitioner–
Appellant,

v.

Kay WALTER, Superintendent,
Respondent–Appellee.

No. 00–35908.

D.C. No. CV–00–05030–FDB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Washington state prisoner Timothy T. Walker appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

Walker contends the district court erred by dismissing his petition for failure to exhaust state remedies. We review the district court's decision to dismiss a habeas petition de novo. *See Manning v. Foster,* 224 F.3d 1129, 1132–33 (9th Cir. 2000). Walker's contention is without merit. A state prisoner must exhaust all available state remedies, by providing the highest state court with a full and fair opportunity to consider all claims, before a federal court may consider the merits of a habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry,* 513

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam).

Because Walker has not demonstrated that he specifically raised the federal due process claim to the Washington Supreme Court, in either his direct appeal or in a collateral proceeding,[1] he has not demonstrated that he provided the highest state court with the opportunity to consider his federal claims. *See Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Hiivala v. Wood,* 195 F.3d 1098, 1106–07 (9th Cir.1999) (per curiam), *cert. denied sub nom. Hiivala v. Lambert,* 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000) (noting failure to present federal claim of insufficient evidence to Washington Supreme Court). Although Walker cited *State v. McCullum,* 98 Wash.2d 484, 656 P.2d 1064 (Wash.1983) (en banc) to the Washington Supreme Court in his direct appeal, he did not cite it to support the federal constitutional claim raised in his federal habeas petition. *See Shumway v. Payne,* 223 F.3d 982, 988 (9th Cir.2000).

AFFIRMED.

---

1. Although Walker did originally file his personal restraint petition in the Washington Supreme Court, it transferred the petition to the Washington Court of Appeals, and Walker has not demonstrated that he sought discretionary review of the Court of Appeal's subsequent dismissal of his petition.

