[No. 17541-6-I.   Division One.   July 20, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. JASPER MACK CASBEER, *Appellant.*

*C. M. Hassenstab* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* and *Stuart Heath, Deputy,* for respondent.

RINGOLD, A.C.J.—After a bench trial, the defendant, Jasper Mack Casbeer, was found guilty of delivery of marijuana, contrary to RCW 69.50.401(a). Casbeer appeals, arguing that the trial court should have placed upon the State the burden of disproving entrapment beyond a reasonable doubt and that the trial court erred by finding that Casbeer was not entrapped.

On July 18, 1984, Casbeer delivered marijuana to Robert T. Lowry, a paid police informant. Casbeer met Lowry a few months earlier and visited cardrooms with him. Casbeer lived out of a van with his girl friend, and Lowry told Casbeer he could park the van at Lowry's house and use the shower in the mornings.

Casbeer testified that Lowry asked him six times to get marijuana for him, but he refused. Casbeer stated that he finally gave Lowry marijuana as payment for the use of the shower and parking place. According to Casbeer, Lowry asked Casbeer to start a marijuana grow operation with Lowry, but Casbeer maintained he did not wish to get involved. He admitted, however, that he gave Lowry advice

concerning hiding power consumption if Lowry began a marijuana grow operation.

Both Lowry and Stephen Hardwick, a Redmond police officer, testified that Casbeer gave them extensive advice on how to transform Lowry's house into a marijuana grow operation. The trial court concluded that Casbeer was guilty beyond a reasonable doubt of delivering marijuana. In its findings the court stated: "The court does not believe Mr. Casbeer with respect to his testimony concerning alleged entrapment and finds that there was no entrapment as a matter of fact and law."

## THE BURDEN OF PROOF

Traditionally the burden of proving entrapment has been placed on the defendant. *State v. Brooks,* 30 Wn. App. 280, 288, 633 P.2d 1345, *review denied,* 96 Wn.2d 1021 (1981). Casbeer contends, however, that the State should be required to prove the absence of entrapment beyond a reasonable doubt once the issue has been raised by the defendant. Casbeer claims that such a requirement is mandated by the Supreme Court opinions in *State v. McCullum,* 98 Wn.2d 484, 490, 656 P.2d 1064 (1983); *State v. Acosta,* 101 Wn.2d 612, 615–16, 683 P.2d 1069 (1984); and *State v. Hicks,* 102 Wn.2d 182, 187, 683 P.2d 186 (1984). Those cases hold that if an element of an affirmative defense negates an element of the crime, the State must prove the absence of the defense beyond a reasonable doubt. *See, e.g., Hicks,* at 187.

In order to convict a defendant of delivery of a controlled substance, the State must prove beyond a reasonable doubt that the defendant, with guilty knowledge, actually or constructively transferred or attempted to transfer to another person a controlled substance. *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979); *State v. Sherman,* 15 Wn. App. 168, 547 P.2d 1234 (1976). Casbeer admits that he knew he was giving Lowry marijuana. Thus, he does not dispute the elements necessary for conviction of delivery of a controlled substance. Instead he raises the defense of entrapment.

The defense of entrapment is not of constitutional magnitude. *United States v. Russell,* 411 U.S. 423, 433, 36 L. Ed. 2d 366, 93 S. Ct. 1637 (1973); *accord, State v. Whitney,* 96 Wn.2d 578, 581–82, 637 P.2d 956 (1981). The legislature may adopt any substantive definition of entrapment that it finds desirable. *Russell,* 411 U.S. at 433. The Washington Legislature has provided for the defense of entrapment in RCW 9A.16.070:

> (1) In any prosecution for a crime, it is a defense that:
> (a) The criminal design originated in the mind of law enforcement officials, or any person acting under their direction, and
> (b) The actor was lured or induced to commit a crime which the actor had not otherwise intended to commit.
> (2) The defense of entrapment is not established by a showing only that law enforcement officials merely afforded the actor an opportunity to commit a crime.

■ Proof of the elements of entrapment does not negate any of the elements of the crime of delivery of a controlled substance. Thus, *McCullum, Acosta,* and *Hicks* are inapplicable to the situation here. There is no reason to depart from our decision in *State v. Brooks, supra,* which held that the burden of proving the affirmative defense of entrapment is upon the defendant.

### EVIDENCE OF PROPENSITY TO DELIVER MARIJUANA

Casbeer contends that the trial court erred by not finding that he was entrapped by the police. The trial court made a finding that the court did not believe Casbeer with respect to his testimony alleging entrapment. Contradicting Casbeer's testimony, Lowry and Officer Hardwick testified that Casbeer displayed extensive knowledge about marijuana grow operations and gave them advice on how to remodel Lowry's house to accommodate a marijuana grow operation.

■ Credibility determinations are for the trier of fact and cannot be reviewed on appeal. *State v. Lawson,* 37 Wn. App. 539, 543, 681 P.2d 867 (1984). We cannot, therefore, accept Casbeer's testimony as being truthful when the trial court did not. Additionally, the testimony of Officer Hard-

wick and Lowry was sufficient to establish that Casbeer was predisposed to deliver marijuana.

The judgment and sentence is affirmed.

WEBSTER, J., and WILLIAMS, J. Pro Tem., concur.

Review denied by Supreme Court November 3, 1987.