[No. 22465-4-I.   Division One.   May 29, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. CONWAY PORTER, JR., *Appellant.*

58

*Marc Lampson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara A. Mack, Deputy,* for respondent.

PER CURIAM.—Conway Porter, Jr. (Porter), appeals his conviction of a violation of the Uniform Controlled Substances Act, possession with intent to deliver cocaine. Pursuant to RAP 18.14, this court set a motion on the merits to affirm the decision of the trial court. The matter has been refereed to a panel of this court for consideration on the merits. We accelerate review pursuant to RAP 18.12 and affirm the decision of the trial court.

## FACTS

Shortly before midnight on June 4, 1987, Seattle police officers executed a search warrant on a residence located at 822 South Cloverdale in Seattle. After one of the officers rang the doorbell, the door opened for a moment and then slammed shut. The police immediately forced the door open and rushed into the residence shouting "police". According to police, Porter, who was seated with another man at the kitchen table at the time, stood up and pointed

a .357 magnum revolver at one of the onrushing officers. Porter thereafter dropped the weapon, fled into the living room, and was arrested.

At the time of his arrest, Porter was carrying $693 in cash. Police also recovered a pill bottle containing 16 bindles of white substance, later identified as cocaine, on the kitchen floor near where Porter had been sitting. The pill bottle was found within a few feet of where Porter dropped the gun. Other empty paper bindles with numerical markings on them were found in a garbage pail in the kitchen. On the kitchen table, papers containing the record of suspected drug sales were also seized by police. Porter was subsequently charged with possession of cocaine with intent to manufacture or deliver, a violation of the Uniform Controlled Substances Act.

At trial, Porter moved to dismiss the charge against him on the ground that there was insufficient evidence that he had actual or constructive possession of the drugs. The motion was denied. A Seattle police officer testified that Porter pointed a .357 magnum revolver at him, dropped the firearm and then Porter and the other man ran from the kitchen into the living room of the residence where they were subsequently apprehended. Porter testified on his own behalf. He admitted being in the residence at the time of the forced entry by police and having the firearm in his possession but denied pointing the revolver at the police officer or attempting to flee from police. Porter also admitted having $693 in his possession. He testified that he possessed such a large sum of cash because he had recently cashed checks from the Veterans Administration and the Social Security Administration. These claims were disputed in varying degrees by witnesses employed by the Social Security Administration and the Veterans of Foreign Wars.

At the close of all the evidence, the trial court refused to give Porter's proposed instruction on constructive possession. The jury found Porter guilty as charged. Porter appeals, raising two issues.

## DECISION

Initially, Porter contends that the trial court erred in denying his motion to dismiss. Porter challenges the sufficiency of the evidence to establish that he possessed the cocaine. Since other people were discovered inside the residence and mere proximity to the drugs alone is insufficient to show that he had dominion and control over the drugs, Porter argues that the State failed to prove the possession element of the crime charged.

The test for determining the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Grover*, 55 Wn. App. 923, 930, 780 P.2d 901 (1989); *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). As explained in *State v. Spruell*, 57 Wn. App. 383, 385, 788 P.2d 21 (1990):

> In appellate review of a challenge to the sufficiency of the evidence, the court must consider the evidence in the light most favorable to the State and reject the challenge if a rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt. *State v. Baeza*, 100 Wn.2d 487, 670 P.2d 646 (1983). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Theroff*, 25 Wn. App. 590, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980).

Porter was not in actual physical possession of the drugs when arrested. Nevertheless, possession of narcotics may also be established by application of the doctrine of constructive possession. *State v. Callahan*, 77 Wn.2d 27, 29–30, 459 P.2d 400 (1969); *State v. Gonzales*, 46 Wn. App. 388, 403, 731 P.2d 1101 (1986). To establish constructive possession, courts must "look at the *totality of the situation* to determine if there is substantial evidence tending to establish circumstances from which the jury can reasonably infer that the defendant had dominion and control of the drugs and thus was in constructive possession of them." *State v. Partin*, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977). Frequently, this involves establishing dominion and control

over the premises where the drugs are found. *State v. Callahan, supra.* There is no allegation here that Porter had dominion and control of the premises. Constructive possession can, however, be established by showing "dominion and control" over the drugs. *State v. Spruell, supra* at 387. Therefore, the resolution of this case depends upon whether there is sufficient other evidence to establish that Porter had dominion and control over the cocaine found on the kitchen floor of the residence.

A similar issue was recently addressed by this court in *State v. Spruell, supra.* In *Spruell,* the defendant was charged and convicted of possession of cocaine despite the absence of actual possession of the drugs or of constructive possession through dominion and control of the premises. The *Spruell* court reversed the conviction, finding that the evidence was insufficient to show that the defendant had dominion and control over the drugs. As stated by the court,

> There is no evidence in this case involving Hill other than the testimony of his presence in the kitchen when the officers entered and the testimony of the conditions there described by Detective Greenbaum and Detective Sergeant McClure. There is no evidence relating to why Hill was in the house, how long he had been there, or whether he had ever been there on days previous to his arrest. There is no evidence of any activity by Hill in the house. So far as the record shows, he had no connection with the house or the cocaine, other than being present and having a fingerprint on a dish which appeared to have contained cocaine immediately prior to the forced entry of the police. Neither of the police officers testified to anything that was inconsistent with Hill being a mere visitor in the house. There is no basis for finding that Hill had dominion and control over the drugs.

*State v. Spruell, supra* at 388–89.

Although the material facts in *Spruell* and this case are strikingly similar, important differences exist between the two cases that are dispositive. There is substantial evidence in this case suggesting that Porter was not merely an innocent visitor caught in an unfortunate situation following the forced entry by police into the residence. First, Porter had a large sum of cash on him when he was arrested. Although

Porter claimed to have acquired the money by lawful means, the State was able to impeach his testimony. Second, the drugs were found on the floor near where Porter had been sitting. Although another man was also in the kitchen area at the time, "[e]xclusive control is not necessary to establish constructive possession." *State v. Amezola,* 49 Wn. App. 78, 86, 741 P.2d 1024 (1987). Third, a police officer testified that Porter initially pointed the loaded revolver at him, then dropped the firearm and fled into the living room of the residence. Such a hostile and furtive response by Porter suggests an effort by him to avoid capture and prosecution. *State v. Bruton,* 66 Wn.2d 111, 112, 401 P.2d 340 (1965) ("[F]light is an instinctive or impulsive reaction to a consciousness of guilt or is a deliberate attempt to avoid arrest and prosecution."). We find these factors sufficient to support an inference that Porter was aware of the illegal nature of the drugs found near him and was exercising dominion and control over the drugs shortly before his arrest.

Based on the evidence presented at trial, the jury could properly have inferred that Porter had constructive possession of the cocaine found on the kitchen floor of the residence.[1] Porter's close proximity to the illegal drugs, together with the other corroborative evidence tending to show guilt, is sufficient to establish the dominion and control over the drugs necessary to constitute constructive possession. Accordingly, there was ample evidence in the record to sustain Porter's conviction of possession of cocaine with intent to manufacture or deliver. *See State v. Green, supra.*

Porter next contends that the trial court erred in refusing to give requested instruction 1, which provided:

---

[1]Although Porter testified that he never pointed the firearm at police or attempted to flee from the scene, the evidence must be veiwed in a light most favorable to the State. Credibility determinations are a question for the trier of fact and will not be reviewed on appeal. *State v. Casbeer,* 48 Wn. App. 539, 542, 740 P.2d 335, *review denied,* 109 Wn.2d 1008 (1987).

To prove possession through constructive possession, there must be substantial evidence to show that the defendant had dominion and control over the items allegedly possessed.

Without the instruction, Porter argues that the jury was never properly instructed on what constitutes constructive possession. However, a defendant is not prejudiced by the rejection of a proposed instruction if the instructions given are a correct statement of the law and allow the defendant to argue his theory of the case to the jury. *State v. Ng*, 110 Wn.2d 32, 41, 750 P.2d 632 (1988). The court's "to convict" instruction[2] and its instruction on possession[3] amply covered Porter's proposed instruction on constructive possession.

The judgment and sentence are affirmed.

---

[2] "To convict the defendant Conway Porter, Jr., of the crime of possession with intent to deliver cocaine, a derivative of coca leaves, a controlled substance, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 4th day of June, 1987, the defendant possessed with intent to deliver cocaine, a derivative of coca leaves, a controlled substance;

"(2) That the defendant knew it was a controlled substance; and

"(3) That the acts occurred in King County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty

"On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty."

[3] "Possession means knowingly having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance. Proximity alone without proof of dominion and control over the substance is insufficient to establish constructive possession. Dominion and control does not have to be exclusive to establish constructive possession."