# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| Respondent, | ) No. 69633-5-I |
| | ) |
| v. | ) DIVISION ONE |
| | ) |
| BILLY BRET MOORE, | ) UNPUBLISHED OPINION |
| | ) |
| Appellant. | ) FILED: January 21, 2014 |
| | ) |

APPELWICK, J. — Billy Moore appeals his conviction for attempting to elude a

pursuing police vehicle. He argues that the charging document omitted an essential

element of the crime—that the police signal requiring Moore to stop had to be

accomplished "by hand, voice, emergency light, or siren." Because the charging

document referred only to a "visual and audible" signal, Moore maintains that the

charging document was insufficient. In his statement of additional grounds, Moore also

argues that he received ineffective assistance of counsel and that the trial court

displayed prejudice in its credibility determinations. We affirm.

## FACTS

On or about March 14, 2012, Lawrence Nones's vehicle was stolen from his

home in Federal Way, Washington. Later that day, Theresa Williamson (Nones's ex-

wife) spotted the stolen vehicle as she was driving. Williamson was able to positively

identify Billy Moore as the driver of the stolen vehicle, and she notified the police.

Based on Ms. Williamson's directions, Federal Way police officer Steven Olson

located the vehicle. Officer Olson observed Moore driving the stolen motor vehicle and

followed him. Officer Olson was dressed in a police uniform and was driving a marked

vehicle equipped with lights and a siren. Officer Moore followed the vehicle into a

mobile home park, without yet activating his lights and siren. When Moore entered the park, he was driving cautiously.

After Moore observed another officer setting up spike strips at the exit of the mobile home park, Moore turned down a side street. At this point, Officer Olson activated his emergency lights and siren. Moore then accelerated very quickly and started driving recklessly. Eventually, Moore spun out of control and came to a stop.

Officer Olson approached the vehicle on foot and directed Moore to exit the vehicle. Moore did not exit, but instead backed up and drove away from the officer. Officer Olson then continued to follow the defendant and the stolen vehicle. Moore crashed the vehicle into the side of a mobile home. Moore then fled on foot and hid behind a nearby mobile home where he was eventually detained.

The prosecution charged Moore with, inter alia, attempting to elude a pursuing police vehicle in violation of RCW 46.61.024. The charging document stipulated that, "on or about March 14, 2012, while driving a motor vehicle and having been given a visual and audible signal by a uniformed police officer to bring the vehicle to a stop, [Moore] willfully failed and refused to immediately stop and drove the vehicle in a reckless manner while attempting to elude a pursuing police vehicle that was equipped with lights and sirens."

Prior to trial, the court held a CrR 3.5 hearing about statements Moore made to officers after his arrest. During the hearing, Moore testified that one of the responding officers stepped on his face while handcuffing him. Officers Olson and Nicholas Peterson testified at the hearing. Both denied that an assault of any kind occurred.

2

Moore further testified that, after he was handcuffed, one of the officers asked if he had anything on his person that would poke or stick them. Moore responded that he had drugs. The officers put Moore in the back of the police car and read him his Miranda warning. Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). According to Moore, Officer Olson then told him that his driving could have killed someone. Moore stated that he agreed with Officer Olson, but only did so to avoid angering the officer.

The prosecutor then introduced a black and white photo of Moore's face after he was arrested. Moore stated that there were scrapes on his face that would show up on a color photo. Moore's attorney asked, "Do [w]e have a copy of the color photo?" but there was not one available.

The court ultimately admitted Moore's statement about drugs for the purposes of rebuttal. It declined to find Moore's testimony about Officer Olson's assault credible and thus found no coercion in Moore's agreement with Officer Olson's statement about his driving.

The trial court found Moore guilty as charged. Moore timely appealed.

## DISCUSSION

### I.   Sufficiency of Charging Document

Moore argues for the first time on appeal that his charging document omitted an essential element of the offense. Specifically, Moore contends that the charging document failed to notify him that the crime of attempting to elude a pursuing police vehicle requires the police signal stop to be made by "'hand, voice, emergency light, or siren.'" Moore asserts that, without that language, the document does not afford him his

3

constitutional right to adequate notice under the Sixth and Fourteenth Amendments and article I, section 22 of the Washington Constitution.

This court reviews challenges to the sufficiency of a charging document de novo. State v. Williams, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). To be constitutionally adequate, a charging document must include all essential elements of the crime, both statutory and nonstatutory. State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). An essential element is one whose specification is necessary to establish the very illegality of the behavior. State v. Johnson, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992). The primary purpose of this rule is to give defendants sufficient notice of the charges so they can prepare an adequate defense. Kjorsvik, 117 Wn. 2d at 101.

The attempting to elude a police vehicle statute provides, in part:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.

RCW 46.61.024(1) (emphasis added). Moore maintains that the "by hand, voice, emergency light, or siren" language is an essential element that must appear in the charging document. Id. However, neither the language of the statute nor Washington case law supports such a conclusion.

Since it is the legislature that defines crimes, we first look to the relevant statute to determine the elements of a crime. State v. Gonzalez-Lopez, 132 Wn. App. 622,

626, 132 P.3d 1128 (2006). The purpose of looking to the statute is to determine the legislature's intent in defining the elements of a crime. Id.

In this case, the legislature's intent is evident through its use of "may" and "shall" in the statute. See RCW 46.61.024(1). Where a provision contains both the words "shall" and "may," it is presumed that the lawmaker intended to distinguish between them, "shall" being construed as mandatory and "may" as permissive. State v. Bartholomew, 104 Wn.2d 844, 848, 710 P.2d 196 (1985).

Here, the statute says, "The signal may be by hand, voice, emergency light, or siren." RCW 46.61.024(1) (emphasis added). The legislature's use of "may" indicates a nonexhaustive list of methods by which the officer can signal for a vehicle to stop. This is distinguishable from the subsequent sentence in the statute: "The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens." Id. (emphasis added). Because the legislature made these elements mandatory, it follows that it would have done the same with the signal method, had it intended "by hand, voice, emergency light, or siren" to be an exhaustive list. See Densley v. Dep't of Ret. Sys., 162 Wn.2d 210, 219, 173 P.3d 885 (2007) (finding that when the legislature uses two different terms in the same statute, courts presume the legislature intended the terms to have different meanings). That "by hand, voice, emergency light, or siren" is permissive illustrates that the legislature did not intend for it to be an essential element of the crime.

Furthermore, no Washington court has previously held "by hand, voice, emergency light, or siren" to be an essential element of attempting to elude a police vehicle. Washington courts have considered the elements of RCW 46.61.024 on

5

several instances. See, e.g., State v. Sherman, 98 Wn.2d 53, 55-57, 653 P.2d 612 (1982); State v. Stayton, 39 Wn. App. 46, 47, 691 P.2d 596 (1984); State v. Whitcomb, 51 Wn. App. 322, 326, 753 P.2d 565 (1988); State v. Gallegos, 73 Wn. App. 644, 649, 871 P.2d 621 (1994); State v. Tandecki, 153 Wn.2d 842, 847, 109 P.3d 398 (2005). However, no case has directly considered whether "by hand, voice, emergency light, or siren" is an essential element of the statute.

Most recently, the court addressed the elements of RCW 46.61.024 in a similar challenge to the sufficiency of charging documents. See Tandecki, 153 Wn.2d at 847. In Tandecki, the defendants argued that their charging documents were defective, because they did not allege that the defendants failed to immediately stop upon pursuit by the police officers. Id. at 844. The court affirmed its prior holding that, in order to be guilty of attempting to elude, "[a] suspect must (1) willfully fail (2) to immediately bring his vehicle to a stop, (3) and drive in a manner indicating a wanton and willful disregard for the lives or property of others (4) while attempting to elude police after being signaled to stop by a uniformed officer." Id. at 848 (emphasis omitted) (alteration in original) (quoting Sherman, 98 wn.2d at 57).

In defining the elements of the statute, the court did not include "by hand, voice, emergency light, or siren." Id. We note that the Tandecki court was not directly asked to consider whether that element was necessary. However, Tandecki is a useful illustration of how the Washington Supreme Court interprets the essential elements of RCW 46.61.024.

6

We hold that "by hand, voice, emergency light, or siren" is not an essential element of the crime of attempting to elude a police vehicle.[1]

## II.    Ineffective Assistance of Counsel

Moore argues that he received ineffective assistance of counsel. He asserts that his attorney should have challenged the testifying officers' credibility. He also contends that his attorney was deficient in failing to obtain color photos of Moore's face on the day of his arrest.

To demonstrate ineffective assistance of counsel, an appellant must show that the attorney's performance was both unreasonably deficient, and that the deficiency was prejudicial. State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). If either part of the test is not satisfied, the inquiry need go no further. State v. Fredrick, 45 Wn. App. 916, 923, 729 P.2d 56 (1986). Deficient performance is that which falls below an objective standard of reasonableness. In re Det. of Moore, 167 Wn.2d 113, 122, 216 P.3d 1015 (2009). Prejudice occurs if, but for the deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We will conclude that counsel's representation is ineffective if we can find no legitimate strategic or tactical reason for a particular decision. Id. at 336. There is a strong presumption of effective assistance. Moore, 167 Wn.2d at 122.

---

[1] Because we hold that "by hand, voice, emergency light, or siren" is not an essential element of the crime, we need not address Moore's argument that the missing element cannot be fairly implied from the language in the charging document. Nor do we consider whether Moore was prejudiced by the language in the charging document.

7

Moore does not demonstrate that counsel's failure to challenge the officers' testimony constituted ineffective assistance. Moore argues that there were "huge" conflicts in the officer testimony. Their testimony differed on who was present while Moore was being handcuffed: Officer Olson testified that he was there and ordered Moore to the ground, while Officer Peterson testified that he apprehended Moore and returned to where Officer Olson was standing. But, both unequivocally testified that no one threatened Moore or physically coerced him to make any statements.

Regardless of whether counsel's failure to challenge the testimony constituted deficient performance, Moore does not demonstrate prejudice. In its ruling, the court recognized the difference in the officers' testimony, but found that it was not significant enough to make the rest of their recollections suspect. Thus, even had counsel objected, the outcome of the hearing would not have been different.

Moore also argues that counsel's performance was deficient, because he refused to obtain color photos of Moore's face after his arrest. Moore contends that the color photos would have demonstrated that Officer Olson assaulted him. The record contains scans of two black and white postarrest photos of Moore provided by the Federal Way Police Department. The prosecutor presented one of the photos at the CrR 3.5 hearing, asking Moore to identify the injuries that Officer Olson allegedly caused. Moore testified that a color photo would show scrapes on his face. Moore's counsel asked, "Do [w]e have a copy of the color photo?" The prosecutor replied, "I don't."

Moore's claim is predicated on the existence of color photos. This record does not demonstrate that color photos existed or, if they did, that counsel refused to obtain them. This did not constitute ineffective assistance of counsel

8

III.  Judicial Prejudice

Moore asserts that the court demonstrated prejudice in its rulings during the CrR 3.5 hearing.  He suggests that the court was influenced by his criminal history and, as a result, improperly deemed the officers credible.

Credibility determinations are for the trier of fact and cannot be reviewed on appeal.  State v. Casbeer, 48 Wn. App. 539, 542, 740 P.2d 335 (1987).  We presume that a trial court performed its functions regularly and properly without bias or prejudice.  In re Pers. Restraint of Davis, 152 Wn.2d 647, 692, 101 P.3d 1 (2004).

Here, the court properly considered the defendant's history of dishonest crimes.  See ER 609.  The court also considered the witness testimony and photo of Moore's face.  It determined that Moore's assertions about Officer Olson's assault and subsequent coercion were not credible, but that it was possible that officers asked Moore if he had anything on his person.  Accordingly, it admitted Moore's statement about the drugs only for the purposes of rebuttal.  Moore does not demonstrate that the court displayed improper prejudice in reaching its conclusions.

We affirm.

_Applewick, J._

WE CONCUR:

_Leach, C.J._          _Spearman, J._

9