FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 44

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45814-4-II |
| Respondent, | |
| v. | |
| KENNETH RAYMOND FORGA, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Kenneth Raymond Forga appeals the sentence he received for his convictions on two counts of delivery of methamphetamine within 1,000 feet of a school bus route stop, one count of possession of methamphetamine with intent to deliver, and one count of unlawful possession of morphine. In support of his appeal, Forga argues that he received ineffective assistance of counsel when counsel did not investigate Forga's eligibility for a drug offender sentencing alternative (DOSA) and did not ask the sentencing court to impose a DOSA.

In a statement of additional grounds for review (SAG), Forga also argues that his convictions should be overturned because: (1) defense counsel was ineffective for failing to interview Forga's witnesses, (2) the State violated his Fourth Amendment rights by handcuffing him and placing him in a police car while the search warrant was executed, (3) the search warrant for Forga's trailer was invalid because the warrant application misstated his middle name in the caption, and (4) insufficient evidence existed to convict Forga because (a) none of the money from

the controlled buys was located, (b) the confidential informant admitted to using drugs in violation of her agreement with the police, and (c) the officers could not see the confidential informant at all times.

We hold that because Forga does not show prejudice, his ineffective assistance of counsel claim fails. We also hold that the issues raised in his SAG have no merit. Accordingly, we affirm Forga's convictions.

## FACTS

Debbie Miesbauer contacted Cowlitz-Wahkiakum Narcotics Task Force Detective Phillip Thoma, expressing a desire to be a confidential informant (CI). Pursuant to her agreement with Detective Thoma, Miesbauer would be paid $20 for every controlled buy and was to refrain from using drugs. Miesbauer admitted at trial that she had used methamphetamine during the time of the agreement, but there was no argument made, nor evidence to suggest, that she was under the influence during the controlled buys.

Kenneth Forga was targeted by the task force as a potential dealer of methamphetamine. Detective Thoma set up controlled buys with Miesbauer from Forga on June 28, 2013 and July 2, 2013. On June 28, Detective Thoma searched Miesbauer for any drugs or money, noted she did not appear to be high, gave her $80 to buy methamphetamine, and watched her walk to Forga's trailer residence. Miesbauer returned with methamphetamine and stated she had purchased it from Forga. On July 2, Detective Thoma again searched Miesbauer for money and drugs, but this time gave Miesbauer $50. Miesbauer again returned from Forga's residence with methamphetamine, and told Detective Thoma she had purchased it from Forga.

After the second controlled buy, Detective Thoma wrote a search warrant application for the residence where Miesbauer purchased the methamphetamine. In the caption of the warrant application, Detective Thoma wrote "Kenneth Michael Forga, Jr." as the resident of the trailer to be searched. Verbatim Report of Proceedings (VRP) at 132. In the body of the warrant application, Detective Thoma wrote "Kenneth R. Forga." VRP at 132. Forga's real name is Kenneth Raymond Forga. At trial, Detective Thoma testified that the name "Michael" was a typo, and the defendant, Kenneth R. Forga, was the subject of the search. VRP at 132.

During the search of the trailer pursuant to the warrant, the police found two tablets of hydrocodone, several small plastic baggies with methamphetamine residue, two baggies containing 0.2 grams of methamphetamine, two morphine tablets, a spoon, a straw, several unused baggies, and a digital scale with methamphetamine residue on it. The police also found a cigar box containing several small baggies of methamphetamine, a food stamp card with Forga's name on it, and a pay/owe sheet listing narcotics sales. No money was found in the trailer, and the money found on Forga did not match the money used in the controlled buys.

While the police were searching the trailer, a cell phone on the coffee table rang. A detective answered, and the caller asked if he could stop by. The caller indicated that he wanted a "20," which the detective knew meant $20 worth of methamphetamine. VRP at 247. The detective asked if the caller wanted "crystal" or "white," which are street names for methamphetamine, and the caller said that is what he wanted. VRP at 247. When the caller arrived approximately five minutes later, the caller was arrested.

Forga was charged with two counts of delivery of methamphetamine within 1,000 feet of a school bus route stop, one count of possession of methamphetamine with intent to deliver, one

count of unlawful possession of hydrocodone, and one count of unlawful possession of morphine. A two day jury trial was held; Forga stipulated to the location of his trailer being within 1,000 feet of a school bus route stop. The jury returned guilty verdicts on all charges except the unlawful possession of hydrocodone.

At sentencing, the State asked for 108 months in custody and 12 months of community custody based on Forga's offender score of four, the enhancements, and the lack of accountability Forga had taken for his conduct. The defense asked for a total sentence of 68 months, citing Forga's advanced age, limited available good time credit due to the enhancements, minimal criminal history, and minimal value of the drug transactions. Forga then addressed the sentencing court in regard to his sentencing: "I don't deal so I don't know where the kind—they're trying to put me in at 48 months. That's just uncalled for. . . . I just don't think I'm—I should be getting any—any time." VRP at 329-30. The sentencing judge then made the following ruling, "Mr. Forga, I understand you may not agree with the findings of the jury. But, after a jury trial, you have been found guilty and it is based on that that I am sentencing you here today. In regard— and what I listen to and try to look at is whether or not someone takes responsibility. And, I'm not hearing that." VRP at 330.

Forga was sentenced to 108 months in prison with 12 months community custody. Forga appeals.

## ANALYSIS

A.    INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO REQUEST A DOSA

Forga claims his defense counsel's "failure to investigate and request a DOSA denied Forga his constitutional right to effective representation, and his case must be remanded for re-

sentencing." Br. of Appellant at 12. Forga argues that his defense counsel was aware that Forga had a drug problem, and that he met all of the statutory eligibility requirements for a DOSA consideration. Forga claims that he was prejudiced because if the trial court had imposed a DOSA, he would have been sentenced to less time in confinement and could have received treatment while in confinement.

To establish ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. *State v. Grier*, 171 Wn.2d 17, 33-34, 246 P.3d 1260 (2011); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). To show prejudice, a defendant must demonstrate that there is a probability that, but for counsel's deficient performance, "the result of the proceeding would have been different." *McFarland*, 127 Wn.2d at 335. If the defendant fails to satisfy either prong, the court need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996). There is a strong presumption of effective assistance, and the defendant bears the burden of demonstrating the absence of a strategic reason for the challenged conduct. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." *McFarland*, 127 Wn.2d at 333.

A DOSA is intended to provide treatment to offenders judged likely to benefit from treatment. *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005). A trial court has discretion to grant a DOSA if the offender meets all of the statutory criteria. RCW 9.94A.660. The trial court's decision whether to grant a DOSA generally is not reviewable. *Grayson*, 154

Wn.2d at 338. But, an offender may challenge the procedure under which his sentence was imposed. *Grayson*, 154 Wn.2d at 338. Here, Forga is not challenging the trial court's failure to impose a DOSA, but is instead arguing that his counsel was ineffective for not investigating whether a DOSA was appropriate and for not requesting that the sentencing judge consider a DOSA in his case.[1]

We assume, without deciding, that Forga would likely have been eligible for a DOSA had one been requested. Our inquiry thus turns to whether Forga's defense counsel acted unreasonably when he failed to investigate or recommend a DOSA. We hold Forga's defense counsel was not deficient because counsel requested a sentence that would have been less than the total length of a sentence under a DOSA.

When a DOSA is applied, the court sentences a defendant to confinement for one-half the midpoint of the standard range and community custody for one-half the midpoint of the standard range. RCW 9.94A.662(1). Here, Forga's standard sentencing range, with the enhancements, was 68 to 108 months. Therefore, under a DOSA, Forga would have been sentenced to 44 months of confinement and 44 months of community custody, for a total of 88 months. Defense counsel requested a total sentence of 68 months. Choosing to pursue a lesser total sentence cannot be said to fall below an objective standard of reasonableness. Therefore, we hold that even if the record

---

[1] While Forga claims trial counsel was ineffective for not investigating whether a DOSA sentence was appropriate and for not requesting a DOSA sentence, the record is devoid of any evidence showing that defense counsel did not investigate whether a DOSA sentence was appropriate for Forga or that Forga even wanted a DOSA sentence.

shows Forga was eligible for a DOSA, his defense counsel was not deficient in failing to investigate or request a DOSA.

Even if we were to decide Forga's defense counsel was deficient in failing to investigate and request a DOSA, Forga cannot establish he was prejudiced by the decision. Forga does not argue that the sentencing court would have likely granted a DOSA had it been requested; he contends only that the court would have been required to *consider* the option. This argument, while true, is insufficient to establish the prejudice necessary to prevail on a claim for ineffective assistance of counsel. *See Grayson*, 154 Wn.2d at 342 (holding, "While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered."). There is no indication in the record that the trial court would have given Forga a DOSA sentence. In fact, the record strongly indicates otherwise.

The decision to authorize a DOSA sentence rests solely in the trial court's discretion. *State v. Hender*, 180 Wn. App. 895, 900, 324 P.3d 780 (2014) (holding "eligibility does not automatically lead to a DOSA sentence. Instead, under RCW 9.94A.660(3), the sentencing court must still determine that the 'alternative sentence is appropriate.'") (quoting *State v. Barton*, 121 Wn. App. 792, 795, 90 P.3d 1138 (2004)); *see also State v. Conners*, 90 Wn. App. 48, 53, 950 P.2d 519 (1998). Forga does not show there was a reasonable probability that even if he had asked for a DOSA sentence, the trial court would have granted Forga's request.

Forga refused to take responsibility for his conduct. Forga told the trial judge at his sentencing hearing, "I don't deal so I don't know where the kind—they're trying to put me in for 48 months. That's just uncalled for." VRP at 329. And the trial judge based Forga's sentence on

that refusal to accept responsibility. In sentencing Forga to the State's recommended 108 months confinement and 12 months community custody, the trial judge admonished, "what I listen to and try to look at is whether or not someone takes responsibility. And, I'm not hearing that." VRP at 330. Thus, Forga cannot show there was a reasonable probability that the trial court would have given him a DOSA even if counsel had raised it. Consequently, Forga fails to establish prejudice. Forga's failure to show prejudice defeats his ineffective assistance of counsel argument. *Hendrickson*, 129 Wn.2d at 78.

B.    SAG ISSUES

In his statement of additional grounds for review, Forga complains that (1) his counsel did not interview his witnesses, (2) he was placed in handcuffs in the police car while his trailer was searched, (3) the warrant was invalid because it had the wrong name, and (4) insufficient evidence supports his convictions because (a) the money from the controlled buys was not found on him, (b) the CI used drugs in violation of her agreement with the task force, and (c) the police could not see his motorhome during the controlled buys. We hold that Forga's SAG claims have no merit.

1.    Counsel's Failure to Interview Forga's Witnesses

Forga argues that he received ineffective assistance of counsel because his trial counsel did not interview any of Forga's witnesses. The record before us does not mention the existence of any defense witnesses. Forga's arguments on this point must rely on matters outside the record, and we do not consider arguments relying on matters outside the record. *McFarland*, 127 Wn.2d at 335.

2.    Restraint during Execution of Search Warrant

Forga argues that he was handcuffed and placed in a police car during the search of his trailer. Presumably, he claims that this was a violation of his Fourth Amendment rights against unlawful search and seizure. Here, the record contains no information that Forga was handcuffed or placed in a police car during the search. As the reviewing court, we do not consider arguments that rely on matters outside the trial court record. *McFarland*, 127 Wn.2d at 335.

3.    Incorrect Middle Name on the Search Warrant Application

Forga next argues that the search warrant executed on his trailer was invalid because the caption of the warrant application misstated Forga's name as "Kenneth Michael Forga, Jr.," when Forga's real name is Kenneth Raymond Forga, Jr. VRP at 132. The record does not show that a suppression motion on this issue was made in the trial court, thus Forga has not preserved this issue for appeal.

As a general rule, search and seizure issues must be raised below to be preserved for appeal. *See e.g. State v. Tarica*, 59 Wn. App. 368, 798 P.2d 296 (1990), *overruled on other grounds*, *McFarland*, 127 Wn.2d 322. However, search and seizure issues may be raised for the first time on appeal where (1) a court issues a new, controlling opinion regarding a constitutional interpretation material to the defendant's case, (2) that interpretation overrules a constitutional interpretation controlling at the time, (3) the new interpretation applies retroactively to the defendant's case, and (4) the defendant's trial was completed before the new case containing the new interpretation was filed. *State v. Robinson*, 171 Wn.2d 292, 307-08, 253 P.2d 84 (2011). Forga has not cited the existence of such a case. Consequently, Forga's claim fails.

4.     Sufficiency of the Evidence Claims

Forga argues that there was insufficient evidence to convict him because (a) money from the controlled buys was not found on him, (b) the CI admitted to using drugs during the time she was cooperating with the police, and (c) the officers could not have seen Forga's trailer during the controlled buys. We disagree.

Where a criminal defendant challenges the sufficiency of the evidence in a criminal case, we draw all reasonable inferences from the evidence in favor of the State and interpret them strongly against the defendant. *State v. Ward*, 148 Wn.2d 803, 815, 64 P.3d 640 (2003). Evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). The trier of fact determines credibility. *State v. Casbeer*, 48 Wn. App. 539, 542, 740 P.2d 335 (1987), *review denied*, 109 Wn.2d 1008 (1987).

To convict Forga of unlawful delivery of a controlled substance, the State had to prove beyond a reasonable doubt that Forga knowingly delivered a controlled substance. RCW 69.50.401(1). To convict Forga of unlawful possession of a controlled substance, the State had to prove beyond a reasonable doubt that Forga possessed a controlled substance without a valid prescription. RCW 69.50.4013(1). To convict Forga of possession of methamphetamine with intent to deliver, the State had to prove beyond a reasonable doubt that Forga possessed a controlled substance and intended to deliver that controlled substance to another. RCW

69.50.401(1). Viewing the evidence in the light most favorable to the State, the State met these burdens.

First, Forga argues that there is insufficient evidence to convict him because none of the money used in the controlled buys was found on him. However, the State presented testimony from Miesbauer, Detectives Thoma and James Hanberry, Officer Brian Streissguth, and others, to support its case against Forga. Miesbauer testified that Forga sold her methamphetamine on both controlled buys, and at other times prior. Detectives Thoma and Hanberry and Officer Streissguth all testified that the evidence they collected during the search of Forga's trailer led them to conclude Forga was dealing methamphetamine. Consequently, Forga's argument fails because sufficient evidence was presented to allow a reasonable juror to find guilt beyond a reasonable doubt. *Salinas*, 119 Wn.2d at 201.

Next, Forga points out that Miesbauer admitted to using drugs during the time she was working with the police, despite the agreement she had with the police to not use drugs. To the extent Forga argues that Miesbauer's drug use compromised her as a CI or her testimony, Forga's argument asks us to determine Miesbauer's credibility as a witness. We do not review the credibility of witnesses. *See e.g. Casbeer*, 48 Wn. App. at 542. Therefore, we hold that Forga's claim fails.

Finally, Forga argues that the police could not have seen his motor home through their binoculars because there were obstructions in the way. To the extent Forga argues that this compromised any testimony they gave about what they saw, Forga's argument asks us to comment on Detective Hanberry's credibility as a witness. Again, we do not review the credibility of witnesses. *See e.g. Casbeer*, 48 Wn. App. at 542. Therefore, we hold that Forga's claim fails.

No. 45814-4-II

We affirm Forga's convictions.

A majority of the panel determining that this opinion will not be published in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Maxa, J.