STATE OF MONTANA, Plaintiff and Respondent, v. DAVID SANDSTROM, Defendant and Appellant.

No. 14064.
Submitted Oct. 29, 1979.
Decided Nov. 28, 1979.
603 P.2d 244.

Byron W. Boggs (argued), Anaconda, for defendant and appellant.

Mike Greely, Atty. Gen. (argued), John Maynard, Asst. Atty. Gen. (argued), Helena, John N. Radonich, County Atty., Anaconda, for plaintiff and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

This case comes to us on remand from the United States Supreme Court under its decision in *Sandstrom v. Montana* (1979), ____U.S.

____, 99 S.Ct. 2450, 61 L.Ed.2d 39. The facts are set out in the prior appeal. A detailed recitation of those incidents is not needed here.

On December 2, 1976, David Sandstrom was charged in the District Court, Third Judicial District, County of Deer Lodge, with deliberate homicide in that he purposely or knowingly caused the death of Annie Jessen. On July 25, 1977, after trial by jury, Sandstrom was found guilty and sentenced to imprisonment for a term of 100 years. The verdict and judgment were affirmed by this Court on appeal. *State v. Sandstrom* (1978), 176 Mont. 492, 580 P.2d 106.

The United States Supreme Court issued a writ of certiorari on January 8, 1979. 439 U.S. 1067, 99 S.Ct. 832, 59 L.Ed.2d 31. In a unanimous decision dated June 18, 1979, the high court reversed the decision of this Court on the grounds that Sandstrom was convicted in violation of his constitutional right to due process under the Fourteenth Amendment requirement that the State prove every element of a criminal offense beyond a reasonable doubt.

In deciding that the instruction given was constitutionally erroneous, the United States Supreme Court in *Sandstrom* determined that Sandstrom was denied the right to a jury determination of proof beyond a reasonable doubt in that an instruction (1) shifted the burden of proving intent upon the defendant, or (2) told the jury the instruction conclusively presumed the element of intent against him. The Supreme Court further held that whether either of these events occurred, and if so, whether it constituted harmless error, was not an issue presented on the record and for that reason, it was remanded to us for such a determination.

In summary, the issue presented is whether the erroneous instruction constituted harmless error as against the defendant. The instruction reads: "[T]he law presumes that a person intends the ordinary consequences of his voluntary acts."

Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. State of California* (1967),

386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. In so holding, the Supreme Court in *Chapman* reaffirmed its holding in *Fahy v. State of Connecticut* (1963), 375 U.S. 85, 86-87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173: "[t]he question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."

Under *Fahy* and *Chapman,* unless we can find harmless error, the conviction must be reversed. To constitute harmless error, we must be able to assent as a Court that the offensive instruction could not reasonably have contributed to the jury verdict. In considering the instruction, and the fact that intent was the main issue in the District Court trial, we cannot make that assertion. The erroneous instruction goes to a vital element of the proof of the crime, namely the intent of the defendant Sandstrom in committing the homicide. If the jury followed the instruction, it could have presumed the intent without proof beyond a reasonable doubt.

We therefore hold that remititur shall issue out of this Court to remand the cause to the District Court for retrial consistent with this Opinion and guidelines laid down by the United States Supreme Court in *Sandstrom.*

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.