# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49859-6-II |
| Respondent, | |
| v. | |
| RONLEY SANTER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Ronley Santer appeals from his first degree robbery conviction, asserting that the trial court erred by denying his request to instruct the jury on the lawful use of force. Because lawful use of force does not negate an element of first degree robbery, the trial court properly denied Santer's proposed jury instruction and we affirm his conviction.

## FACTS

On the evening of July 6, 2016, Colin Shanklin rode his bicycle to purchase items from a gas station located near his Vancouver home. On his way back home from the gas station, three men who Shanklin did not know waived him over from a nearby park. The men asked Shanklin if he had any cigarettes; Shanklin stopped and gave each of the men a cigarette. One of the men told Shanklin that he liked his bike, grabbed the bike's handlebars, and punched Shanklin on the left side of his head.

Shanklin fell to the ground, and all three men began punching and kicking him. Shanklin was able to free himself from the attack after stabbing one of the men in the leg with a pocketknife. Shanklin ran to his home and asked someone to call the police. Shanklin returned to the park and saw one of the men riding away on his bike.

Vancouver police officer David Krebs arrived, saw three men running from the park, and ordered them to stop. Two of the men stopped, and Krebs placed the men in custody. Krebs saw that one of the men, later identified as Santer, had blood on his right pant leg from an apparent stab wound. Shanklin identified Santer as one of the men who had attacked him.[1] The State charged Santer with first degree robbery, alleging accomplice liability in the commission of the crime.

At trial, Shanklin and Krebs testified consistently with the facts as stated above. Santer testified in relevant part that he was at the park on July 6 with a group of people that included his cousin and a former coworker. According to Santer, Shanklin approached the group on his bicycle and asked them if they had "anything for sale." 3 Report of Proceedings (RP) (Jury Trial) at 316-17. Santer told Shanklin to leave the park before turning and walking away. Santer then heard a punch and someone fall to the ground before turning around and seeing Shanklin on top of his former coworker. Santer stated that he started hitting Shanklin in defense of his former coworker. Santer did not see his coworker after Shanklin ran away and did not know what had happened to Shanklin's bicycle.

---

[1] Shanklin did not identify Santer as the man who had initially grabbed his bike and punched him.

2

Santer requested the trial court to provide the following jury instruction:

It is a defense to a charge of Robbery in the First Degree that the force used was lawful as defined in this instruction.

The use of force upon or toward the person of another is lawful when used by someone lawfully aiding a person who he reasonably believes is about to be injured in preventing or attempting to prevent an offense against the person and when the force is not more than is necessary.

The person using the force may employ such force and means as a reasonably prudent person would use under the same or similar conditions as they appear to the person, taking into consideration all of the facts and circumstances known to the person at the time and prior to the incident.

The State has the burden of proving beyond a reasonable doubt that the force used by the defendant was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 7. Santer also requested a jury instruction stating that the law does not impose a duty to retreat. The trial court refused to give Santer's proposed jury instructions, concluding that lawful use of force is not a valid defense to first degree robbery under *State v. Lewis*, 156 Wn. App. 230, 238-39, 233 P.3d 891 (2010). The jury returned a verdict finding Santer guilty of first degree robbery. Santer appeals from his conviction.

ANALYSIS

Santer contends that the trial court's refusal to give his proposed lawful use of force jury instruction relieved the State of its burden of proof. Specifically, Santer argues that the trial court was required to give his proposed instruction because the lawful use of force negates an element of first degree robbery and, thus, the State was required to prove beyond a reasonable doubt the absence of lawful use of force to convict him of the crime. We disagree.

"In general, a trial court must instruct on a party's theory of the case if the law and the evidence support it; the failure to do so is reversible error." *State v. Otis*, 151 Wn. App. 572, 578, 213 P.3d 613 (2009). A defendant is not entitled to a jury instruction that inaccurately represents the law. *State v. Staley*, 123 Wn.2d 794, 803, 872 P.2d 502 (1994). Our standard of review from a trial court's jury instruction ruling depends on the reason underlying the trial court's decision. *State v. Walker*, 136 Wn.2d 767, 771, 966 P.2d 883 (1998). Where, as here, a trial court refuses to give a proposed jury instruction based on a ruling of law, our review is de novo. *Walker*, 136 Wn.2d at 772.

In criminal prosecutions, due process requires the State to disprove "a defense that necessarily negates an element of the charged offense." *State v. W.R.*, 181 Wn.2d 757, 764, 336 P.3d 1134 (2014) (citing *Smith v. United States*, 568 U.S. 106, 110, 133 S. Ct. 714, 719, 184 L. Ed. 2d 570 (2013)).

> The State is foreclosed from shifting the burden of proof to the defendant only "when an affirmative defense *does* negate an element of the crime." Where instead it "excuse[s] conduct that would otherwise be punishable," but "does not controvert any of the elements of the offense itself," the Government has no constitutional duty to overcome the defense beyond a reasonable doubt.

*Smith*, 568 U.S. at 110 (alteration in original) (quoting *Martin v. Ohio*, 480 U.S. 228, 237, 107 S. Ct. 1098, 94 L. Ed. 2d 267 (1987) (Powell, J., dissenting); *Dixon v. United States*, 548 U.S. 1, 6, 126 S. Ct. 2437, 165 L. Ed. 2d 299 (2006)).

RCW 9A.56.190 defines robbery in relevant part as follows:

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone.

Under RCW 9A.56.200(1)(a)(iii), a person is guilty of first degree robbery if "[i]n the commission of a robbery or of immediate flight therefrom, he or she . . . [i]nflicts bodily injury."

The lawful "use of force" statute, RCW 9A.16.020, provides in relevant part:

> The use, attempt, or offer to use force upon or toward the person of another is not unlawful in the following cases:
>
> . . . .
>
> (3) Whenever used by a party about to be injured, or by another lawfully aiding him or her, in preventing or attempting to prevent an offense against his or her person . . . in case the force is not more than is necessary.

In *Lewis*, we held that lawful use of force is not a defense to robbery because "[t]he crime of robbery . . . includes no element of *intent* to inflict bodily injury; rather, it includes actual infliction of bodily injury as an element." 156 Wn. App. at 239 (citing RCW 9A.56.200(1)(a)(iii)). In other words, lawful use of force is not a defense to robbery because robbery does not require an intent to inflict bodily harm that can be negated by the lawful use of force. Santer contends that our decision in *Lewis* was incorrectly decided because we failed to consider that the crime of robbery contains the element of intent to steal. But an intent to steal is wholly unrelated to an intent to inflict bodily harm. And contrary to Santer's argument on appeal, the lawful use of force does not "negate[] the unlawfulness of *any* act." Br. of Appellant at 7 (emphasis added).

By its plain language the lawful use of force statute applies only to "[t]he use, attempt, or offer to use force upon or toward the person of another." RCW 9A.16.020. And Santer cites no case law where the lawful use of force was applied to negate an element unrelated to a

5

defendant's use, attempt, or offer to use force.[2]  Accordingly, the intent to steal element of robbery does not change our analysis in *Lewis*, and we adhere to our holding there that the lawful use of force is not a valid defense to robbery.  156 Wn. App. at 239.

Santer also argues that *Lewis* is distinguishable from the present case because, here, the State alleged that he acted as an accomplice in the commission of the first degree robbery. Again, we disagree.

RCW 9A.08.020(c) provides in relevant part that a person is guilty of a crime committed by another if the person acts as an accomplice.  In turn, RCW 9A.08.020(3) provides:

> A person is an accomplice of another person in the commission of a crime if:
> (a) With knowledge that it will promote or facilitate the commission of the crime, he or she:
> (i) Solicits, commands, encourages, or requests such other person to commit it; or
> (ii) Aids or agrees to aid such other person in planning or committing it; or
> (b) His or her conduct is expressly declared by law to establish his or her complicity.

Under this definition, the requisite mental state required to establish accomplice liability is knowledge that the defendant's conduct will promote or facilitate the commission of the charged crime.  "[A]n accomplice need not have specific knowledge of *every element* of the

---

[2] Santer's reliance on *State v. McCullum*, 98 Wn.2d 484, 495, 656 P.2d 484 (1983) to support the proposition that the lawful use of force "negates the unlawfulness of any act" is unavailing.  Br. of Appellant at 7.  In *McCullum*, our Supreme Court held that the State bore the burden of proving the absence of the use of lawful force in a prosecution for first degree murder because lawful use of force negates the element of premeditated intent to cause death.  98 Wn.2d at 495. The *McCullum* court's reasoning that "[t]here can be no intent to kill within the first degree murder statute unless a defendant kills 'unlawfully'" does not support Santer's claim that the lawful use of force negates the unlawfulness of *any* act because the reasoning applied only to an act involving the use of force.  98 Wn.2d at 495.

6

crime committed by the principal, provided he has general knowledge of that specific crime." *State v. Roberts*, 142 Wn.2d 471, 512, 14 P.3d 713 (2000).

Santer relies on *State v. Farnsworth*, 185 Wn.2d 768, 374 P.3d 1152 (2016), to support his contention that lawful use of force negates an element of first degree robbery when committed by an accomplice. Santer's reliance is misplaced. In *Farnsworth*, our Supreme Court noted that an accomplice to robbery must have had knowledge that his or her conduct would promote or facilitate the commission of a robbery, "including the use or threatened use of force or violence." 185 Wn.2d at 780. In so noting, the *Farnsworth* court merely reiterated the well-established principle that, to be convicted as an accomplice, a defendant must have had general knowledge that his or her conduct would promote or facilitate the *specific crime* charged. The *Farnsworth* court did not address the infliction of bodily injury element of first degree robbery, let alone impose an additional burden on the State to prove that the principal acted with intent when inflicting such bodily injury. Accordingly, *Farnsworth* does support Santer's claim that the trial court erred by refusing to instruct the jury on the lawful use of force.

The accomplice liability statute does not impose an additional requirement that the State prove a mental state with respect to the infliction of bodily injury element in a first degree robbery prosecution. Rather, to convict Santer as an accomplice to first degree robbery, the State was required to prove only that he (1) engaged in conduct aiding another person in planning or committing first degree robbery (2) knowing that such conduct promoted or facilitated the crime, and (3) in the commission of the robbery or of immediate flight therefrom, he or an accomplice inflicted bodily injury. RCW 9A.08.020(3)(a); RCW 9A.56.200(1)(a)(iii). Because there is no

requirement that the State prove his or his accomplice's mental state with respect to the infliction of bodily injury, lawful use of force does not negate any element of first degree robbery regardless of whether the State alleged that Santer committed the crime as a principal or accomplice. Accordingly, the trial court properly denied Santer's request for a lawful use of force jury instruction, and we affirm his conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.