**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER WILLIAM OLSEN,

Petitioner - Appellant,

v.

JAMES KEY,

Respondent - Appellee.

No. 24-2230

D.C. No.
3:19-cv-06111-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 25, 2025
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.**

Christopher William Olsen appeals from the district court's denial of his

second amended habeas petition challenging his conviction for first-degree murder.

As the parties are familiar with the facts, we do not recount them here. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. The district court granted a certificate of appealability only as to "Olsen's arguments about the reliability of Bryant Ward's recantation" after trial. Olsen contends that, given the recantation, there was insufficient evidence to establish that he was not acting in self-defense when he shot Robert Ward. Under Washington law, in a first-degree murder case, "the prosecution bears the burden of proving beyond a reasonable doubt the absence of self-defense." *State v. McCullum*, 656 P.2d 1064, 1070 (Wash. 1983) (en banc). And "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).

However, *Jackson v. Virginia*, 443 U.S. 307 (1979), constrains our scope of review on a sufficiency-of-the-evidence challenge to "the evidence adduced at a state trial." *Herrera v. Collins*, 506 U.S. 390, 401 (1993). Our review "does not extend to nonrecord evidence, including newly discovered evidence" such as the post-trial recantation here. *Id.* at 402. And to the extent Olsen brings an actual innocence claim, even assuming such a claim is cognizable, the bar for relief is "extraordinarily high." *Id.* at 417; *see also United States v. Ovsepian*, 113 F.4th 1193, 1201 n.2 (9th Cir. 2024) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the

non-capital context, although we have assumed that such a claim is viable." (citation omitted)). Given other evidence contradicting Olsen's account of the shooting, the recantation "falls short of affirmatively proving that [Olsen] more likely than not is innocent." *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (en banc). Thus, the recantation does not provide a basis for habeas relief.

2. Olsen brings several claims not within the district court's certificate of appealability, including ineffective assistance of trial and appellate counsel, error as to the jury instructions, and unlawful suppression of evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). We may expand the certificate of appealability where a petitioner shows an uncertified issue is "debatable among jurists of reason." *Atkins v. Bean*, 122 F.4th 760, 766 (9th Cir. 2024) (citation omitted). Here, we expand the certificate of appealability only as to Olsen's claim that the prosecution suppressed evidence of a plea deal with Bryant Ward in violation of *Brady*.

Failure to disclose a promise of leniency may qualify as a *Brady* violation. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). A petitioner must "demonstrate the existence of an agreement whereby the [S]tate offered [a witness] leniency in sentencing in the criminal case pending against him in exchange for his testimony against [the petitioner]." *Williams v. Woodford*, 384 F.3d 567, 597 (9th Cir. 2004).

The Washington Supreme Court concluded that Olsen "d[id] not show beyond speculation that any such deal[] existed before . . . Bryant Ward testified." Bryant Ward's "subjective belief that he might receive lenient treatment in exchange for testifying" does not alone evince an actual deal. *Hovey v. Ayers*, 458 F.3d 892, 917 (9th Cir. 2006). And despite the "suspicious synchronicity" of events, including Bryant Ward's receipt of a below-guidelines sentence four days after Olsen's sentencing, other evidence indicates that the prosecution considered Bryant Ward's testimony in recommending a lenient sentence but did not offer leniency in exchange for his testimony. *Boyde v. Brown*, 404 F.3d 1159, 1164-65 (9th Cir. 2005). Given this record, Olsen has not rebutted by clear and convincing evidence our presumption that the Washington Supreme Court correctly concluded that he did not show the existence of an agreement between Bryant Ward and the prosecution. *See* 28 U.S.C. § 2254(e)(1). Thus, the Washington Supreme Court's determination was not "contrary to . . . clearly established Federal law," nor did it "involve[] an unreasonable application of" such law as required for habeas relief. 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.